UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

LOU ANNA K. SIMON, in her individual
capacity as president of Michigan State University,
MARK DANTONIO, in his individual capacity
as Head Football Coach of Michigan State
University, MARK HOLLIS, in his individual
capacity as Director of Intercollegiate Athletics for
Michigan State University, DETECTIVE CHAD
DAVIS, in his individual capacity as a detective
for the Michigan State University Police
Department, and DETECTIVE SAM MILLER,
in his individual capacity as a detective for the
Michigan State University Police Department,

    Defendants.

Case No: 18-cv-01261

Hon. Janet T. Neff

Magistrate Judge  Ellen C. Carmody

_____/

| | |
|---|---|
| LAW OFFICES OF<br>THOMAS R. WARNICKE, PLLC<br>Thomas R. Warnicke (P47148)<br>Attorneys for Plaintiff<br>16291 W. 14 Mile Road, Suite 21<br>Beverly Hills, MI  48025<br>(248) 930-44111<br>tom@warnickelaw.com | KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>By:  Thomas G. Kienbaum (P15945)<br>      William B. Forrest III (P60311)<br>Attorneys for Defendants Dantonio,<br>Hollis, and Simon<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>tkienbaum@kohp.com<br>wforrest@kohp.com<br><br>RHOADES MCKEE, PC<br>Bruce Neckers (P18198)<br>Paul McCarthy (P47212)<br>Attorneys for Defendants Davis and Miller<br>55 Campau Ave NW, Suite 300<br>Grand Rapids, MI  49503<br>(616) 233-5133<br>bneckers@rhoadesmckee.com<br>mccarthy@rhoadesmckee.com |

_____/

**DEFENDANTS MARK DANTONIO'S, MARK HOLLIS', AND LOU ANNA K. SIMON'S ANSWER TO PLAINTIFF'S COMPLAINT, RELIANCE ON JURY DEMAND, AND AFFIRMATIVE DEFENSES**

Defendants Mark Dantonio, Mark Hollis, and Lou Anna K. Simon ("Defendants Dantonio, Hollis, and Simon" or "these Defendants") by their attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., answer Plaintiff's Complaint as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Defendants Dantonio, Hollis, and Simon deny the allegations contained in paragraph 1 of Plaintiff's Complaint, and further object to these allegations as containing improper argument, and not fact pleading as required.

2. Defendants Dantonio, Hollis, and Simon deny the allegations contained in paragraph 2 of Plaintiff's Complaint, and further object to these allegations as containing improper argument, and not fact pleading as required.

3. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants Dantonio, Hollis, and Simon deny the allegations contained in paragraph 4 of Plaintiff's Complaint, and further object to these allegations as containing improper argument, and not fact pleading as required.

5. Defendants Dantonio, Hollis, and Simon deny the allegations contained in paragraph 5 of Plaintiff's Complaint, and further object to these allegations as containing improper argument, and not fact pleading as required.

6. Defendants Dantonio, Hollis, and Simon deny the allegations contained in paragraph 6 of Plaintiff's Complaint, and further object to these allegations as containing improper argument, and not fact pleading as required.

7. Defendants Dantonio, Hollis, and Simon deny the allegations contained in paragraph 7 of Plaintiff's Complaint, and further object to these allegations as containing improper argument, and not fact pleading as required.

8. Defendants Dantonio, Hollis, and Simon deny the allegations contained in paragraph 8 of Plaintiff's Complaint, and further object to these allegations as containing improper argument, and not fact pleading as required.

9. The allegations in paragraph 9 of Plaintiff's Complaint state legal conclusions to which no response is required. Answering further, Defendants Dantonio, Hollis, and Simon deny that there is any merit to Plaintiff's claims.

10. The allegations in paragraph 10 of Plaintiff's Complaint state legal conclusions to which no response is required. Answering further, Defendants Dantonio, Hollis, and Simon deny that there is any merit to Plaintiff's claims.

## JURISDICTION AND VENUE

11-13. Defendants Dantonio, Hollis, and Simon admit that this Court has jurisdiction over Plaintiff's claims, and that venue is proper in this Court, but deny that there is any merit to Plaintiff's claims.

## PARTIES

14. On information and belief, Defendants Dantonio, Hollis, and Simon admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. On information and belief, Defendants Dantonio, Hollis, and Simon admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Admitted.

17. Admitted.

18. Admitted.

19-21. On information and belief, Defendants Dantonio, Hollis, and Simon admit the allegations contained in paragraphs 19 through 21 of Plaintiff's Complaint.

## COMMON ALLEGATIONS
### Defendant Dantonio's Recruitment of Plaintiff to Join MSU Football Staff

22. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant Dantonio admits that in the summer of 2013 he attended Plaintiff's football camp at Southfield High. Defendants Hollis and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants Dantonio, Hollis, and Simon do not know what Plaintiff means when alleging that he "caught the eye of Defendant Dantonio," and thus deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant Dantonio admits only that he discussed with Plaintiff the possibility of Plaintiff working for Michigan State University ("MSU") football and denies the allegations of paragraph 25 of Plaintiff's Complaint to the extent that they are inconsistent with the foregoing. Defendants Hollis and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Denied.

27. Defendants Dantonio, Hollis, and Simon admit only that Plaintiff entered into a written contract with MSU, which contract speaks for itself.

28. Defendants Dantonio, Hollis, and Simon admit only that Plaintiff entered into a written contract with MSU on or about July 31, 2013, which Plaintiff signed and Hollis signed on behalf of MSU, and which contract speaks for itself.

### Plaintiff's Exemplary Performance

29. Defendants Dantonio, Hollis, and Simon admit only that Plaintiff entered into separate written contracts with MSU between 2013 and 2016 with specified durations, which Plaintiff signed and Hollis signed on behalf of MSU, and which contracts speak for themselves.

30. Defendants Dantonio, Hollis, and Simon admit only that Plaintiff's salary increased in each of his written contracts with MSU, which contracts speak for themselves.

31. Defendants Dantonio, Hollis, and Simon admit only that Plaintiff's salary increased to $129,000 in his contract with MSU that was signed on or about March 3, 2016. Defendants Dantonio, Hollis, and Simon deny the remaining allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendants Dantonio, Hollis, and Simon admit only that Plaintiff's salary increased to $129,000 in his contract with MSU that was signed on or about March 3, 2016 because Plaintiff informed Defendant Dantonio that he had a competing job offer at the University of Michigan. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning the actual terms of that competing job offer as described in paragraph 32 of Plaintiff's Complaint.

33. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants Dantonio, Hollis, and Simon admit only that Plaintiff's salary increased to $129,000 in his contract with MSU that was signed on or about March 3, 2016.

35. Denied.

36. Denied.

## Players Sexual Assault Incident and Subsequent
## Police Interview and Unlawful Arrest of Plaintiff

37. On information and belief, Defendants Dantonio, Hollis, and Simon admit the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Denied.

44. Denied.

45-53. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 45-53 of Plaintiff's Complaint.

### Plaintiff's Unwarranted Suspension and Subsequent Nonrenewal of His Employment Contract

54. Denied.

55. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 55 of Plaintiff's Complaint. Answering further, these Defendants state that Defendant Hollis wrote a memorandum to Plaintiff dated February 9, 2017 concerning Plaintiff's suspension, which memorandum speaks for itself.

56. Defendants Dantonio, Hollis, and Simon neither admit nor deny the allegations contained in paragraph 56 of Plaintiff's Complaint, averring in support thereof that they are without sufficient knowledge or information to form a belief as to the truth thereof, and additionally that they do not understand the intent of the injection of the phrase "suspiciously" into this paragraph of Plaintiff's Complaint.

57. Denied.

58. Defendants Dantonio, Hollis, and Simon admit only that in February 2017, MSU commissioned an external independent investigation into the MSU football program's institutional response to allegations of sexual assault in connection with an incident that occurred in January 2017 involving three MSU football players. Defendants Dantonio, Hollis, and Simon deny the remaining allegations in paragraph 58 of Plaintiff's Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Defendants Dantonio, Hollis, and Simon admit the allegations contained in paragraph 64 of Plaintiff's Complaint.

**Defendants Retaliate Against Plaintiff for Not Speaking to the MSU Police and the Jones Day Law Firm by Terminating His Contract**

65. Defendant Dantonio admits only that he advised Plaintiff in a telephone conversation on May 22, 2017 that MSU would not be renewing Plaintiff's contract, that Defendant Dantonio used the phrase "different direction" in that conversation, but that Plaintiff has not fully or accurately described that conversation in paragraph 65 of Plaintiff's Complaint. Defendants Dantonio, Hollis, and Simon deny the remaining allegations contained in paragraph 65 of Plaintiff's Complaint as untrue.

66. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 66 of Plaintiff's Complaint.

67. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 67 of Plaintiff's Complaint.

68. Defendants Dantonio, Hollis, and Simon admit only that Megan Vanderveen, MSU's Assistant Athletics Director, Human Resources, wrote a letter to Plaintiff dated May 24, 2017, which letter speaks for itself.

69. Defendants Dantonio, Hollis, and Simon admit only that paragraph 69 of Plaintiff's Complaint contains an excerpt from Vanderveen's May 24, 2017 letter to Plaintiff. These Defendants deny any remaining allegations or inferences in paragraph 69 of Plaintiff's Complaint.

70. Defendant Dantonio admits only that he used the phrase "philosophical differences" in responding to a certain media question concerning Plaintiff. Defendant Dantonio denies the remaining allegations and inferences in paragraph 70 of Plaintiff's Complaint.

71. Denied.

72. Denied.

## COUNT I
### Violation of Fourth Amendment Right to Be Free from Unlawful Arrest and Seizure by Davis and Miller

73. Defendants Dantonio, Hollis, and Simon restate their answers to paragraphs 1 through 72 of Plaintiff's Complaint.

74-85. Defendants Dantonio, Hollis, and Simon lack knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 74-85 of Plaintiff's Complaint.

## COUNT II

86. Defendants Dantonio, Hollis, and Simon restate their answers to paragraphs 1 through 85 of Plaintiff's Complaint.

87-91. Defendants Dantonio, Hollis, and Simon deny as untrue the allegations contained in paragraphs 87-91 of Plaintiff's Complaint.

WHEREFORE, Defendants Dantonio, Hollis, and Simon request that the Court enter a judgment of no cause of action and award Defendants Dantonio, Hollis, and Simon their costs and attorney's fees.

## RELIANCE ON JURY DEMAND

Defendants Dantonio, Hollis, and Simon rely on Plaintiff's Jury Demand and hereby demand a trial by jury on any and all claims.

## AFFIRMATIVE DEFENSES

Defendants Dantonio, Hollis, and Simon state the following affirmative defenses to Plaintiff's claims:

1. Defendants Dantonio, Hollis, and Simon are entitled to immunity and/or qualified immunity with respect to all actions taken in the course of their employment.

2. Plaintiff's Complaint fails to state a cause of action with respect to Defendants Dantonio, Hollis, and Simon. Specifically, Plaintiff has no property interest in the contract that was not renewed after it ended. Additionally, Plaintiff's Complaint fails to state what specific actions Defendants Dantonio, Hollis, or Simon took that are asserted to be wrongful.

3. Defendants Dantonio, Hollis, and Simon reserve the right to amend or supplement their affirmative defenses.

WHEREFORE, Defendants Dantonio, Hollis, and Simon request that the Court enter a judgment of no cause of action and award Defendants Dantonio, Hollis, and Simon their costs and attorney's fees.

|  |  |
|---|---|
|  | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
|  | By: */s/Thomas G. Kienbaum*  Thomas G. Kienbaum (P15945)  William B. Forrest III (P60311) Attorneys for Defendants Dantonio, Hollis, and Simon 280 N. Old Woodward Ave., Suite 400 Birmingham, MI  48009 (248) 645-000 |
| Dated:  January 15, 2019 | tkienbaum@khvpf.com wforrest@khvpf.com |

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants, and I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-ECF participants:  (no manual recipients).

*s/Thomas G. Kienbaum*
280 North Old Woodward Ave., Suite 400
Birmingham, Michigan 48009
(248) 645-0000
Email:  tkienbaum@khvpf.com

314520_2