UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

LOU ANNA K. SIMON, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1261

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's November 7, 2019 appeal (ECF No. 122) from an October 31, 2019 Order of the Magistrate Judge (ECF No. 112). On November 21, 2019 Defendants Davis and Miller filed a response to the appeal (ECF No. 134). For the reasons that follow, the Court denies the appeal.

### I. BACKGROUND

Plaintiff filed this § 1983 case on November 12, 2018, alleging violations of his Fourth and Fifth Amendment rights arising from his February 8, 2017 arrest (ECF No. 1). Defendants answered Plaintiff's Complaint in January 2019. Defendant Miller was deposed on September 23, 2019. At Defendant Miller's deposition, Plaintiff, through his counsel, Thomas Warnicke, stipulated the following: "I will commit to you that we won't submit, file or attach anything related to the investigation, okay, pending further discussion" (ECF No. 82-3 at PageID.1097). The stipulation was confirmed at the deposition of Defendant Davis on the following day (*id.* at PageID.1099-1100).

On October 4, 2019, Plaintiff filed Davis' deposition transcript (Pl.'s Ex. A, ECF No. 76-1). On October 7, 2019, Defendants Davis and Miller filed an Emergency Motion to Strike and

for Sanctions (ECF No. 81). Defendants represented that "Davis' deposition was improperly and egregiously filed into the public record by Plaintiff in violation of a stipulated agreement not to do [so]" (*id.* at PageID.1062). Defendants provided to the Court a copy of the pertinent pages of Davis' deposition, detailing the agreement, and the pertinent pages of Defendant Miller's September 24, 2019 deposition, confirming the agreement (ECF No. 82-3).

The Magistrate Judge held a hearing on October 8, 2019 and granted the motion, striking the deposition from the record and awarding Defendant Davis $10,000 in sanctions (10/8/19 Hrg. Tr. at 16-17, ECF No. 88 at PageID.1124-1125; Order, ECF No. 87). At the hearing, defense counsel also requested that the parties' stipulation be effectuated by an order, and the Magistrate Judge agreed (10/8/19 Hrg. Tr. at 16-17, ECF No. 88 at PageID.1164-1166). The Magistrate Judge indicated that she would resolve any issue in the event the parties could not agree on the language for the order (*id.* at PageID.1169).

Counsel indicate that they subsequently submitted proposed orders for the Magistrate Judge's review. On October 31, 2019, the Magistrate Judge entered an Order providing the following:

> IT IS HEREBY ORDERED that all documents, information, and testimony in any way relating to the Michigan State University police investigation into the underlying January 16, 2017 sexual assault in this matter, shall not be filed with the Court except under seal and shall not be provided to or put into the public realm absent, and until, further order of this Court.

(ECF No. 112). This appeal followed.

## II. ANALYSIS

**A. Standard of Review**

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions. 28 U.S.C. § 636(b)(1)(A). "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and

2

decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." FED. R. CIV. P. 72(a) (Nondispositive Matters). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id. See also* W.D. Mich. LCivR 72.3(a) (Appeal of nondispositive matters).

This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). "'[A] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**B.     Discussion**

Plaintiff argues that this Court should vacate and/or void the Magistrate Judge's October 31, 2019 Order because the Magistrate Judge "failed to make any findings or legal conclusions in support of her decision" (ECF No. 122 at PageID.1477). However, a review of the record, including the deposition excerpts and hearing transcript, confirms Defendants' assertion that the Order constitutes a memorialization of counsel's agreement. At the hearing, Plaintiff's counsel recognized that they "had a stipulation" (10/8/19 Hrg. Tr. at 10, ECF No. 88 at PageID.1118). The cases upon which Plaintiff relies in this appeal are therefore not analogous inasmuch as the cases are not in the same posture as the case at bar. Indeed, the arguments that Plaintiff presents in "appeal" from the Magistrate Judge's Order were not even presented to the Magistrate Judge for her initial review.

Similarly, there is no merit in Plaintiff's argument that this Court should vacate and/or void the Magistrate Judge's October 31, 2019 Order because the Order "operates as an unconstitutional

prior restraint" (ECF No. 122 at PageID.1478-1480). Counsel, by agreement, restrained its actions.

In short, Plaintiff has not demonstrated that the Magistrate Judge's October 31, 2019 Order (ECF No. 112) is either "clearly erroneous" or "contrary to law." Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's appeal (ECF No. 122) from the Magistrate Judge's Order (ECF No. 112) is DENIED.

Dated: December 16, 2019 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge