UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

LOU ANNA K. SIMON, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1261

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's January 1, 2020 appeal (ECF No. 162) from a December 18, 2019 Order of the Magistrate Judge (ECF No. 160). On January 13, 2020, Defendants Dantonio, Hollis and Simon filed a response to the appeal (ECF No. 164). For the reasons that follow, the Court denies the appeal.

### I. BACKGROUND

Plaintiff filed this § 1983 case on November 12, 2018, alleging violations of his Fourth and Fifth Amendment rights arising from his February 8, 2017 arrest (ECF No. 1). Defendants answered Plaintiff's Complaint in January 2019. Defendant Hollis was deposed on October 22, 2019, and a portion of his deposition was sealed. On November 4, 2019, Plaintiff filed a Motion to Unseal Portion of Defendant Mark Hollis' Deposition (ECF No. 116). Defendants Dantonio, Hollis and Simon opposed Plaintiff's motion and moved for a protective order, to strike Hollis' sealed testimony, and sanctions (ECF No. 129). The Magistrate Judge held a hearing on December 10, 2019 on Plaintiff's motion and other pending matters. On December 18, 2019, the Magistrate Judge entered an Order effectuating her rulings at the motion hearing (ECF No. 160). This appeal followed.

## II.     ANALYSIS

### A.     Standard of Review

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions.  28 U.S.C. § 636(b)(1)(A).  "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  FED. R. CIV. P. 72(a) (Nondispositive Matters).  "A party may serve and file objections to the order within 14 days after being served with a copy."  *Id.  See also* W.D. Mich. LCivR 72.3(a) (Appeal of nondispositive matters).

This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a).  "'[A] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### B.     Discussion

In his appeal at bar, Plaintiff challenges only the Magistrate Judge's denial of his motion to unseal a portion of Defendant Hollis' deposition.  Plaintiff argues that this Court should vacate and/or void the Magistrate Judge's December 18, 2019 Order in this regard because the Magistrate Judge "failed to set forth specific findings and conclusions which justify nondisclosure of Defendant Hollis' sealed deposition testimony to the public" (ECF No. 162 at PageID.1749, 1752-1753).  Plaintiff's argument is misplaced.  The Magistrate Judge's December 18, 2019 Order

incorporates her lengthy bench opinion on December 10, 2019, specifically denying Plaintiff's motion "for the reasons stated on the record" (ECF No. 160 at PageID.1734).

Plaintiff also argues that the decision is contrary to law (ECF No. 162 at PageID.1750). Specifically, Plaintiff argues that the Magistrate Judge's order "must be vacated because it operates as an unconstitutional prior restraint" (*id.* at PageID.1753). Plaintiff's argument lacks merit. For the reasons the Magistrate Judge explained on the record (12/10/19 Hrg. Tr. at 35, 52-58, ECF No. 155 at PageID.1690, 1707-1713), and Defendants set forth in their response to Plaintiff's appeal (ECF No. 164 at PageID.1765), sealing a portion of Hollis' deposition transcript does not constitute a prior restraint. As the Supreme Court observed, "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Therefore, "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information," and "court control over the discovered information does not raise the same specter of government censorship that such control might suggest in other situations." *Id.* at 32-33.

In short, Plaintiff has not demonstrated that the portion of the Magistrate Judge's December 18, 2019 Order from which he appeals is either "clearly erroneous" or "contrary to law." Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's appeal (ECF No. 162) from the Magistrate Judge's Order (ECF No. 160) is DENIED.

Dated: February 4, 2020          /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge