UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.                                                    Hon. Janet T. Neff

LOU ANNA K. SIMON, et al.,           Case No. 1:18-cv-1261

    Defendants.
_____/

### ORDER REGARDING ECF NO. 153

This matter is before the Court on the portion of the "Motion of Defendants Dantonio, Simon, and Hollis for Entry of Order Concerning their Motion for Protective Order and to Strike Hollis's Sealed Testimony and for Costs" regarding whether to award Defendants Dantonio, Hollis and Simon $1000 in costs. (ECF No. 153.) On December 18, 2019, the Court ruled on the substance of the motion, took the request for costs under advisement, and ordered Plaintiff to file a response, which he did (ECF No. 161).

In his response, Plaintiff argues that the Court's order (ECF No. 160) provided clarity with respect to the Court's ruling. (PageID.1735.) But the Court stated the content of the portion of the order Plaintiff cites on the record at the hearing. (PageID.1718.) Plaintiff's counsel's emails inexplicably ignored the Court's ruling on the record in refusing to agree to (or at least meet and confer as to) the form of the proposed order. (ECF No. 153-2 at PageID.1647; ECF No. 153-3 at PageID.1650.) The language that Plaintiff's counsel attempted to excise from the order was related to the primary contested issue in that hearing on that motion. It is dubious that counsel did not recall that portion of the Court's ruling or misunderstood it. To the extent that counsel did forget or misunderstand, they could have refreshed their recollection by requesting and reviewing the

transcript of the hearing. Instead, they simply refused to agree to language that accurately reflected the Court's ruling.

Attorney Paterson argues that the Court gave more guidance in the order it ultimately issued, but Defendants' proposed order was unobjectionable, and everything in the Court's December 18, 2019 Order was stated on the record at the hearing. That the Court added to what Defendants proposed does not change that Plaintiff's counsel withheld stipulation without any valid basis. To the extent that he wanted additional language included, he could have proposed it, but instead he refused to agree to an order that accurately reflected the Court's ruling on a basis that the Court had explicitly rejected. (PageID.1647.)

This amounts to bad faith. The Court **GRANTS** Defendants' motion for costs and orders Plaintiff's counsel to pay fees and costs in the amount of $1000 within fourteen (14) days from the date of this order to Kienbaum, Hardy, Viviano, Pelton & Forrest, P.L.C.

Dated: February 7, 2020
      /s/ Sally J. Berens
      SALLY J. BERENS
      U.S. Magistrate Judge