UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

LOU ANNA K. SIMON, MARK DANTONIO, et al.,

    Defendants.

Case No. 1:18-cv-1261
Hon. Janet T. Neff
Mag. Judge Sally J. Berens

---

Thomas R. Warnicke (P47148)
Law Offices of Thomas R. Warnicke, PLLC
16291 W. 14 Mile Rd., Suite 21
Beverly Hills, MI 48025
(248) 930-4411
tom@warnickelaw.com
*Attorneys for Plaintiff*

Bruce Neckers (P18198)
Paul McCarthy (P47212)
Rhoades McKee, PC
55 Campau Ave NW, Ste 300
Grand Rapids, MI 49503
(616) 233-5133
bneckers@rhoadesmckee.com
mccarthy@rhoadesmckee.com
*Attorneys for Defendants Chad Davis and Sam Miller*

Thomas G. Kienbaum (P15945)
William B. Forrest, III (P60311)
Sarah L. Nirenberg (P77560)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Woodward, Ste 400
Birmingham, MI 48009
(248) 645-0000
tkienbaum@khvpf.com
wforrest@khvpf.com
snirenberg@khvpf.com
*Attorneys for Defendants Lou Anna K. Simon, Mark Dantonio and Mark Hollis*

---

## NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF DEFENDANT MARK DANTONIO, INCLUDING THAT THE DEPOSITION WILL BE TAKEN BY STENOGRAPHIC AND AUDIOVISUAL MEANS

PLEASE TAKE NOTICE that Plaintiff, Curtis E. Blackwell, II, by and through his attorneys, the Law Offices of Thomas R. Warnicke, PLLC, shall take the deposition *duces tecum*

1

of the person listed below, on the date and time stated, in accordance with the applicable rules and provisions of the Federal Rules of Civil Procedure, including FRCP 30(b)(1)(2)(3)(a) and (b). The deposition will take place at the location set forth below, before a stenographic court reporter, as well as by audiovisual means (i.e. by video recording). You are invited to attend and cross-examine the witnesses.

**DEFENDANT MARK DANTONIO**           January 10, 2020, commencing at 10:00 a.m.

The deposition will take place at the Gerald R. Ford Federal Building and U.S. Courthouse, located at: 664 Federal Bldg., 110 Michigan St NW, Grand Rapids MI 49503. The Deponent is required to bring with him and produce at his deposition the documents listed on attached "Exhibit A" to the extent such documents have not already been produced by Defendant(s) in response to earlier discovery requests.

Respectfully submitted:

/s/ Thomas R. Warnicke
Thomas R. Warnicke (P47148)
LAW OFFICES OF THOMAS R. WARNICKE, PLLC
Attorneys for Plaintiff
16291 W. 14 Mile Rd., Suite 21
Beverly Hills, MI 48025
(248) 930-4411
tom@warnicke.com

## **EXHIBIT A**

1. Produce any and all documents in any way pertaining to Plaintiff's employment with Michigan State University, including but not limited to Plaintiff's complete employee/personnel file with MSU/Defendant(s), any and all evaluations of Plaintiff, Plaintiff's staff(ing) reviews, Plaintiff's hire and reappointment forms, Plaintiff's pay raises, and Plaintiff's suspension/termination documents.

2. Produce for all coaches, employees and personnel in the Michigan State University Athletic Department and Michigan State University Football Team that reported to Defendant Mark Dantonio and/or Defendant Mark Hollis at any time between 2014 to the present date, their complete employee/personnel files with MSU/Defendant(s), including any and all evaluations of their performance, their staff reviews, their hire forms and reappointment forms, their pay raises, and any documents relating to their suspensions/terminations.

3. Produce any and all communications regarding Plaintiff's employment with MSU, his suspension with MSU and/or his termination from MSU, including but not limited to audio recording of press conferences/media statements, written statements to the media or press releases, emails, texts, direct messages, social media posts, letters, etc.

4. Produce any and all documents that refer or relate to Plaintiff in any way, including any documents that refer, relate or support the decision to first suspend and later terminate Plaintiff from his employment with MSU in 2017.

5. Produce any and all documents that are in any way support, relate or refer to any of the allegations or statements set forth in Plaintiff's Complaint or Defendants' Answer and Affirmative Defenses filed by any Defendants in this case, or any documents that Defendants intend to use at trial of this case.

6. Produce the MSU Football Team End of Season Team Reviews for years 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

7. Produce any and all documents that reflect, refer or relate to any matters set forth in the June 2017 Jones Day report, including but not limited to any and all documents that reflect, refer or relate to any documents that the MSU Office of General Counsel, Athletic Department, and football program, or any individuals associated therewith, including Defendants, provided or gave access to Jones Day's attorneys or investigators, including but not limited to MSU policies, training and educational material, call and text records for mobile phones, personnel files, calendars, expense reports, emails, and interview records. Also provide all notes of the 35 interviews conducted by Jones Day's attorneys with MSU coaches, players, and administrative staff in the football program, as well as University employees in the Athletic Department, OIE, and MSU PD, including the referenced multiple individuals in the Jones Day Report who were interviewed more than once, as well as text messages and phone records provided to Jones Day.

8. Produce any and all documents that refer or relate to Sound Mind Sound Body Foundation or Sound Mind Sound Body Enterprise LLC, including any relationship or activities engaged in by Defendants with either of these two entities between 2013 and the present.

9. Produce any and all documents received by Defendants Dantonio, Hollis or Simon from anyone affiliated with or employed by Michigan State University and/or the Michigan State, Detective Chad Davis (Defendant), Detective Sam Miller (Defendant), or anyone else affiliated or employed by the Michigan State University Police Department.

10. Produce any and all documents pertaining to Donnie Corley, Jr., Joshua King, Demetrius Vance, and Auston Robertson, including any documents relating to or regarding their recruitment to MSU's Football Team, the "vetting process" for each individual, documents

received from any sources regarding each individual, medical or psychiatric evaluations of each individual, meetings with Defendants and University staff – including meetings that addressed appropriate behavior and developmental growth; any communications relating to their 2017 arrests/criminal matters.

11. For any and all persons employed by or working in any capacity for or within the MSU Athletic Department or that have ever reported to any of the Defendants, including but not limited to coaches, staff, interns, student assistants; who were ever suspended at any time with pay or without pay; produce any and all documents that in any way pertain to their employment with Michigan State University, including but not limited to their complete employee/personnel files with MSU/Defendant(s), any and all evaluations of their performance, any documents relating to the reason they were suspended, any documents relating to whether or not they were terminated and/or their contracts were not renewed. Such persons may include but are not limited to Field Hockey Coach Knull; Gymnastics Coaches Kathie Klages and Larry Nassar; Sports Information Director John Lewandowski; Softball Coach Jackie Johnson; and Marching Band Director John T. Madden.

12. Produce any and all documents, reports or complaints ever received by Defendants during their employment at MSU that alleged relationship violence, sexual misconduct, sexual violence or sexual harassment committed by any MSU athletes, as well as any documents

13. For each social media or blog account of Defendants, including Facebook, YouTube, LinkedIn, Twitter, Reddit, Snapchat or Instagram, produce electronic files, including any metadata (such as EXIF data) of any profiles, posts, comments, chats, videos, events, messages, status updates, notes, communications (including, but not limited, to chats, messengers, comments on postings or photographs) or blog entries regarding or relating in any way to Plaintiff; Corley, Vance, King or Robertson; or Jones Day attorneys/

investigators; or any allegation in the Complaint or Defendants' Answers or Affirmative Defenses.

14. Produce for third-party digital forensic imaging and analysis any electronic device used to communicate with any third party relating to Plaintiff, the arrests/criminal cases of Corley, King, Vance and/or Robertson, Jones Day investigators, and/or the events alleged in the Complaint or any responses or statements set forth in Defendants' Answers or Affirmative Defenses.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document and this certificate of service was served upon all parties and/or attorneys of record of the above case herein via electronic mail on December 18, 2019.

*/s/ Thomas R. Warnicke*
Thomas R. Warnicke (P47148)