UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**CURTIS E. BLACKWELL, II,**

                Plaintiff,

vs.

**LOU ANNA K. SIMON,** in her individual capacity as president of Michigan State University**, MARK DANTONIO,** in his individual capacity as Head Football Coach of Michigan State University**, MARK HOLLIS,** in his individual capacity as Director of Intercollegiate Athletics for Michigan State University, **CHAD DAVIS,** Detective, in his individual capacity as a detective for the Michigan State University Police Department, and **SAM MILLER,** Detective, in his individual capacity as a detective for the Michigan State University Police Department,

                Defendants.

Case No. 1:18-cv-01261

HON. JANET T. NEFF

Magistrate Judge Sally J. Berens

---

| | |
|---|---|
| **Thomas R. Warnicke (P47148)**<br>LAW OFFICES OF THOMAS R. WARNICKE PLLC<br>Attorneys for Plaintiff<br>16291 West 14 Mile Road, Suite 21<br>Beverly Hills, MI 48025-3327<br>(248) 930-4411<br>tom@warnickelaw.com<br><br>**Andrew A. Paterson, Jr. (P18690)**<br>PATERSON LAW OFFICE<br>Attorneys for Plaintiff<br>2893 East Eisenhower Pkwy<br>Ann Arbor, MI 48108-3220<br>(248) 568-9712<br>aap43@outlook.com | **Thomas G. Kienbaum (P15945)**<br>**William Bruce Forrest, III (P60311)**<br>KIENBAUM HARDY VIVIANO PELTON & FORREST PLC<br>Attorneys for Defendants Simon, Dantonio and Hollis<br>280 North Old Woodward Avenue, Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>tkienbaum@khvpf.com<br>wforrest@khvpf.com<br><br>**Bruce W. Neckers (P18198)**<br>**Paul A. McCarthy (P47212)**<br>RHOADES McKEE PC<br>Attorneys for Defendants Chad Davis and Sam Miller<br>55 Campau Avenue, NW, Suite 300<br>Grand Rapids, MI 49503<br>(616) 235-3500<br>bneckers@rhoadesmckee.com<br>mccarthy@rhoadesmckee.com |

**DEFENDANTS MILLER AND DAVIS' PRE-MOTION CONFERENCE REQUEST**

Defendants, Detectives Chad Davis and Sam Miller, through undersigned counsel and pursuant to Section IV.A.1 of the Information and Guidelines for Civil Practice before the Honorable Janet T. Neff, request a pre-motion conference with the Court for purposes of filing a Rule 56 dispositive motion.[1] In support of the Request, Defendants state as follows:

**BASIS OF MOTION AND REQUESTED RELIEF**

Detectives Chad Davis and Sam Miller seek dismissal of Count I (Violation of Fourth Amendment and the only count asserted against these Defendants) of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 56 based on qualified immunity. The Detectives are entitled to qualified immunity because: (a) the Detectives were acting within the scope of their discretionary authority at the time of Mr. Blackwell's arrest, and (b) a reasonable officer would conclude in good faith, based on the information available to the Detectives, that there was probable cause to arrest Mr. Blackwell for interfering in and obstructing a sexual assault investigation. Summary judgment should be granted because there is no genuine issue of material fact and the Detectives are entitled to judgment as a matter of law.

**I.    THE DETECTIVES ARE ENTITLED TO QUALIFIED IMMUNITY.**

To establish qualified immunity, the Detectives must prove: (a) they were acting within their discretionary authority at the time of Plaintiff Blackwell's arrest, and (b) that a reasonable officer would or could conclude, based on the information available to the Detectives at the time,

---

[1] Pending before the Court are MSU Defendants' Motion for Sanctions (to which Defendants Davis and Miller joined) and Defendants Davis and Miller's separate Motion for Sanctions which, if granted, could result in the dismissal of Plaintiff's case. The instant pre-motion conference request, however, is being filed so as to meet the deadline for same as required by the Case Management Order entered in this case.

that there was probable cause to arrest Plaintiff Blackwell for interfering in or obstructing a sexual assault investigation.

That the Detectives were operating within their discretionary authority is not seriously in dispute, as the Detectives were directed to investigate the January 16, 2017 sexual assault in the course of their duties as MSU police detectives. That investigation into the sexual assault led to the interview with Plaintiff Blackwell on February 8, 2017, during which the Detectives were given probable cause to arrest Mr. Blackwell for interfering with or obstructing that investigation.

That the Detectives' determination of probable cause was objectively reasonable also cannot seriously be disputed. For instance, the Detectives will testify as to dozens of facts made known to them and that played a role in their determination that Mr. Blackwell had committed or was committing a crime, including specific statements made to them by Mr. Blackwell during his interview. Indeed, when Detective Davis contacted MSU Police Chief James Dunlap during Mr. Blackwell's interview to inform the Chief that the Detectives believed they had probable cause to arrest Plaintiff for obstructing and interfering in the investigation, Chief Dunlap specifically told Detective Davis to arrest Plaintiff Blackwell.

Further, Defendants' expert law enforcement witness, David Greydanus, has identified a total of eighteen (18) facts known to the Detectives at the time of Mr. Blackwell's arrest and which would or could lead a reasonable officer to determine there was probable cause to arrest. None of those facts are in dispute and Mr. Greydanus concludes that the Detectives' determination that there existed probable cause "did not fall below expected standards of police conduct and was not unreasonable given the totality of facts known to the Detectives at the time of the arrest." (Greydanus Expert Report).

## II.     PLAINTIFF BLACKWELL HAS NO EVIDENCE TO REBUT THE QUALIFIED IMMUNITY DEFENSE.

Once the Detectives establish that they are entitled to the qualified immunity defense, the burden shifts to Plaintiff Blackwell to articulate why the Detectives are not entitled summary judgment in their favor. See, *Lanman v. Hinson*, 529 F.3d 673, 683 (6th Cir. 2008). However, it is not enough for Plaintiff to simply allege that there is a genuine issue of material fact preventing entry of judgment. Rather, Plaintiff Blackwell must "present affirmative evidence in order to defeat a properly submitted motion for summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986).

Here, Plaintiff Blackwell cannot articulate why the Detectives should not be entitled to summary judgment because there is no dispute as to the facts and information available to the Detectives at the time of their arrest of Plaintiff and which served as the basis of the Detectives' probable cause determination. Without any contrary "affirmative" evidence, Plaintiff Blackwell cannot meet his burden to defeat the Detectives' properly submitted and supported motion.

## CONCLUSION

There is abundant evidence supporting the Defendant Detectives' qualified immunity defense against Plaintiff's Fourth Amendment claim and Defendants Davis and Miller respectfully assert that summary judgment should enter in their favor pursuant to Fed. R. Civ. P. 56.

Dated: March 13, 2020                                    RHOADES McKEE PC

By:/s/  Paul A. McCarthy
Bruce W. Neckers (P18198)
Paul A. McCarthy (P47212)
Attorneys for Defendants Davis and Miller
55 Campau Avenue NW, Suite 300
Grand Rapids, MI  49503
(616) 235-3500