UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

LOU ANNA K. SIMON, in her individual capacity as president of Michigan State University, MARK DANTONIO, in his individual capacity as Head Football Coach of Michigan State University, MARK HOLLIS, in his individual capacity as Director of Intercollegiate Athletics for Michigan State University, DETECTIVE CHAD DAVIS, in his individual capacity as a detective for the Michigan State University Police Department, and DETECTIVE SAM MILLER, in his individual capacity as a detective for the Michigan State University Police Department,

    Defendants.

Case No: 18-cv-01261

Hon. Janet T. Neff

Magistrate Judge Sally J. Berens

LAW OFFICES OF
THOMAS R. WARNICKE, PLLC
Thomas R. Warnicke (P47148)
Attorneys for Plaintiff
16291 W. 14 Mile Rd., Ste. 21
Beverly Hills, MI  48025
(248) 930-44111
tom@warnickelaw.com

ANDREW A. PATERSON, JR.
PATERSON LAW OFFICE
2893 E. Eisenhower Parkway
Ann Arbor, MI  48108-3220
(248) 568-9712
aap43@outlook.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
Thomas G. Kienbaum (P15945)
William B. Forrest III (P60311)
Attorneys for Dantonio, Hollis, and Simon
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tkienbaum@khvpf.com.com

RHOADES MCKEE, PC
Bruce Neckers (P18198)
Paul McCarthy (P47212)
Attorneys for Defendants Davis and Miller
55 Campau Ave, NW, Ste. 300
Grand Rapids, MI  49503
(616) 233-5133
bneckers@rhoadesmckee.com

**PRE-MOTION CONFERENCE REQUEST BY DEFENDANTS MARK DANTONIO, LOU ANNA K. SIMON, AND MARK HOLLIS**

Defendants Mark Dantonio, Mark Hollis, and Lou Anna K. Simon ("Defendants"), for their pre-motion conference request submitted pursuant to Article IV (A)(1)(a) and (b) of the Court's Information and Guidelines, through their counsel, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., say as follows:

Plaintiff filed this action on November 12, 2018. As to these Defendants, Plaintiff alleges in Count II of his Complaint that his employment with Michigan State University ("MSU") was suspended and his employment contract with MSU not renewed, because he asserted his Fifth Amendment right to remain silent when interviewed by the police on February 8, 2017. Discovery has now closed, and the depositions of the Plaintiff and all of the Defendants have now been completed. This case has been extremely contentious as a result of Plaintiff's improper efforts to generate negative pretrial publicity through pleadings and discovery inquiries into irrelevant topics. Plaintiff's counsel has been twice sanctioned by the Court in this case, and chastised by the Court for his bad faith conduct.

Plaintiff pleads his case as if his alleged invocation of the Fifth Amendment renders him a member of a protected class, akin to a party alleging race or sex discrimination, and proceeds as if his claim were subject to a *McDonnell Douglas* analysis. He is wrong; the contours of a Fifth Amendment claim are far narrower and more limited. Nevertheless, the Court could avoid the constitutional issue and reject Blackwell's claims on their face: there is no evidence that he was subject to adverse action because of his alleged invocation of the Fifth Amendment. Defendants' motion for summary judgment will be based on the following incontrovertible facts and law:

*First,* Plaintiff fundamentally misconstrues the very limited nature of a Fifth Amendment claim against a public employer. A Fifth Amendment claim is not akin to a protected status claim such as race or sex discrimination. Rather, the Fifth Amendment only prohibits public employers

1

from "coerc[ing] their employees to abdicate their constitutional rights on pain of dismissal." *Clemente v. Vaslo*, 679 F.3d 482, 492 (6th Cir. 2012). Without coercion—that is, without the plaintiff being put to a choice between waiving his Fifth Amendment rights or being punished—there is no Fifth Amendment claim. *See Lefkowitz v. Cunningham,* 431 U.S. 801, 805–06 ("Public employees may constitutionally be discharged for refusing to answer potentially incriminating questions concerning their official duties if they have not been required to surrender their constitutional immunity."); *Lingler v. Fechko*, 312 F.3d 237, 240 (6th Cir. 2002) ("the exaction of [statements compelled by threat of discipline] did not violate the Fifth Amendment where there was no evidence that the officers had been required to waive their privilege against self-incrimination and the statements had not been used against them in criminal proceedings."). Here, Plaintiff was never asked to waive his Fifth Amendment rights upon pain of punishment, and he does not even allege in his complaint that he was subject to any form of coercion.

*Second*, the Defendants are entitled to qualified immunity on the novel theory—if asserted by Plaintiff—that his alleged invocation of the Fifth Amendment itself involves a protected category akin to race or sex discrimination, and that Defendants can be held liable regardless of the absence of coercion.

*Third*, even accepting Plaintiff's invitation to treat his invocation of the Fifth Amendment as a protected category akin to race or sex discrimination, and despite the fact that no one coerced him to waive his Fifth Amendment rights, such a theory fails on the merits:

- Defendant Simon was not aware that Plaintiff had invoked his Fifth Amendment rights when she directed that his employment with MSU be suspended with pay. Defendant Dantonio was not aware that Plaintiff had invoked his Fifth Amendment rights when he

2

alone decided not to renew Plaintiff's employment contract with MSU in May 2017. And Defendant Hollis took no adverse job action whatsoever as to Plaintiff.

- Suspension with pay is not a materially adverse action; moreover, Defendants Hollis and Dantonio did not make or participate in the decision to suspend Plaintiff with pay.

- Defendants Simon and Hollis did not make or participate in the decision not to renew Plaintiff's contract.

- Defendant Dantonio's reason for not renewing Plaintiff's contract—as explained during Dantonio's deposition—stands unrebutted. In fact, during his deposition, and in pleadings, Plaintiff disavowed the theory that Dantonio did not renew his contract due to Plaintiff's alleged invocation of the Fifth Amendment. Plaintiff has asserted throughout this litigation that Dantonio had other motivations, inconsistent with a Fifth Amendment retaliation claim. Plaintiff thus cannot show causation or pretext. The present case has been prosecuted to this point only as a vehicle for generating negative publicity that Plaintiff, and his counsel, has been seeking and inviting.

WHEREFORE, Defendants respectfully request that the Court schedule the conference contemplated by this Court's Guidelines at the earliest possible time convenient for the Court.

        KIENBAUM HARDY VIVIANO
         PELTON & FORREST, P.L.C.

By: *s/Thomas G. Kienbaum*
    Thomas G. Kienbaum (P15945)
    William B. Forrest III (P60311)
Attorneys for Defendants Mark Hollis,
Mark Dantonio, and Lou Anna K. Simon
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
TKienbaum@khvpf.com
WForrest@khvpf.com

Dated:  March 13, 2020

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants of record.

*s/Thomas G. Kienbaum*
Thomas G. Kienbaum (P15945)
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 North Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
Tkienbaum@khvpf.com

364254