UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS E. BLACKWELL, II,**

    Plaintiff,

v.

**LOU ANNA K. SIMON,**
**MARK DANTONIO, et al.,**

    Defendants.

Case No. 1:18-cv-1261
Hon. Janet T. Neff
Mag. Judge Sally J. Berens

---

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER AGAINST ALL DEFENDANTS FOR SANCTIONS DUE TO DEFENDANTS' VIOLATION OF THIS COURT'S ORDER WHICH REQUIRED THEM TO APPEAR AT FACILITATIVE MEDIATION ON AUGUST 13, 2019**

---

Plaintiff, Curtis Blackwell, II, by and through his attorney, the Law Offices of Thomas R. Warnicke, PLLC, and for the reasons more specifically set forth in his accompanying Brief in Support of the above-entitled Motion, respectfully requests that this Honorable Court grant his motion and enter an Order against Defendants for Sanctions for Failure to Appear at the Court Ordered Facilitative Mediation on August 13, 2019.

                  Respectfully submitted,

                  */s/ Thomas R. Warnicke*
                  THOMAS R. WARNICKE (P47148)
                  *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS E. BLACKWELL, II,**

    Plaintiff,

v.

**LOU ANNA K. SIMON,**
**MARK DANTONIO, et al.,**

    Defendants.

Case No. 1:18-cv-1261
Hon. Janet T. Neff
Mag. Judge Sally J. Berens

**PLAINTIFF'S BRIEF IN SUPPORT OF**

**MOTION FOR ENTRY OF AN ORDER AGAINST ALL DEFENDANTS FOR SANCTIONS DUE TO DEFENDANTS' VIOLATION OF THIS COURT' ORDER WHICH REQUIRED THEM TO APPEAR AT FACILITATIVE MEDIATION ON AUGUST 13, 2019**

    Plaintiff, Curtis Blackwell, II, by and through his attorney, the Law Offices of Thomas R. Warnicke, PLLC, and in his brief in support of the above-entitled Motion, states as follows:

## **STATEMENT OF AUTHORITIES**

    Plaintiff relies on Fed. R. Civ. P. 16 and 37(b)(2)(a)(ii)-(vii) and the authorities cited in his Motion and Brief in Support.

## **STATEMENT OF ISSUES PRESENTED**

1. Should the Court issue an Order for Sanctions against Defendants for Defendants' failure to appear at the Court ordered Facilitative Mediation on August 13, 2019?

    Plaintiff says: "Yes."

    Defendants say: "No."

**INTRODUCTION**

Plaintiff brings this Motion for Entry of an Order of Sanctions/Contempt against Defendants for Defendants' failure to appear at the Court ordered Facilitative Mediation on August 13, 2019.

Plaintiff and his counsel appeared pursuant to Court ordered Facilitative Mediation on August 13, 2019. However, **NONE** of the Defendants appeared at the Facilitative Mediation. (Only Defendants' counsel appeared).

As a result of the Defendants' failure to appear, the Facilitative Mediation was a complete waste of time, which caused Plaintiff and his counsel to unnecessarily expend a significant amount of time, energy and expenses in attending the Mediation, as well as receiving an invoice from the Mediator (as evidenced by **Exhibit 1** attached hereto).

During Defendant Hollis' deposition on October 22, 2019, Plaintiff's counsel asked him why he had not attended the Facilitative Mediation, as he had been directed to by the court. Defendant Hollis' attorney, Thomas Kienbaum interjected and responded on Hollis' behalf, asserting that he didn't ask Hollis to attend, he didn't instruct him to be there, and if Plaintiff's counsel wanted to take it up with the court "be my guest." Mr. Kienbaum's actions were in direct violation of this Court's order that all parties attend the mediation. Mr. Kienbaum then asserted "[y]ou had parties with authority there." That was a false statement as none of the parties were present. Mr. Kienbaum went on to state "[y]ou knew it wasn't going to be his money, all right. So what the hell is all this about?" (Hollis Dep. Transcript pp. 107-109, attached hereto as **Exhibit 2**). Plaintiff's counsel specifically told Mr. Kienbaum that Plaintiff did raise the issue with the mediator at the mediation, particularly that Defendants' failure to appear was a violation of this Court's order to attend.

During Defendant Simon's deposition on December 4, 2019, Plaintiff's counsel asked her if she had any knowledge of a facilitation or mediation that took place in Grand Rapids in August of 2018, to which she responded "I don't really recall", however, she admitted that she did not attend the Facilitative Mediation. Defendant Simon also admitted that Michigan State University was paying for her defense of this case via MSU's indemnification policy. Attorney Kienbaum then stated the reason Defendant Simon failed to appear at the mediation was because MSU was paying Defendant Simon's defense of the case via MSU's indemnification policy. (Simon Dep. Transcript p. 121, attached hereto as **Exhibit 3**).

Although Plaintiff's counsel did not ask Defendant Dantonio the same questions at his deposition as to whether he was advised of the court order mediation, one can logically assume based on the answers given by Defendants Hollis and Simon, and by Defendants' counsel's own statements, that Defendants' counsel also failed to inform and/or direct Defendant Dantonio to attend the facilitative mediation. The same logic would certainly hold true for Defendants Davis and Miller's failure to appear at the mediation. Most significantly is that Defendants Dantonio, Davis and Miller failed to appear for the mediation.

Thus, it is beyond any dispute that none of Defendants in this case appeared at the mediation. Incredibly, Defendants' counsel admittedly made no attempt to procure the attendance of Defendants for the mediation, which undermined the whole facilitative process. Such bad faith by Defendants in violation of this Court's order rendered the entire process a sham and sanction should be properly awarded to Plaintiff.

## FACTUAL BACKGROUND

**A. Sanctions/Contempt for Defendants' Violation of this Court's Order by Failing to Appear at Facilitative Mediation.**

This Court's Case Management Order, dated April 29, 2019 (ECF No. 35), ordered "ADR

to take place by August 16, 2019." The Order further set forth in Paragraph 6 that:

> "ALTERNATIVE DISPUTE RESOLUTION: In the interest of facilitating prompt resolution of this case, and the parties having voluntarily selected facilitative mediation, this matter shall be submitted to facilitative mediation. The parties have fourteen (14) days from the date of this Order to jointly choose one mediator. Plaintiff is responsible for e-filing notification of the name of the selected mediator. If the parties are unable to jointly select a mediator, they must notify the ADR Administrator, who will select a mediator for them. Once the mediator is selected, a Notice will issue regarding the method and schedule for the mediation conference."

Pursuant to the above Case Management Order, the parties selected a facilitative mediator and filed a Notice of Selection of Facilitative Mediator with this Court on May 13, 2019 (ECF No. 36). On May 14, 2019, this Court issued its Notice of Appointment of Facilitative Mediator (ECF No. 37) which stated in relevant part:

> "TAKE NOTICE that **William W. Jack, Jr** is hereby appointed Mediator. The initial facilitative mediation session shall take place **no later than August 16, 2019**, and shall take place at the time and location designated by the Mediator. The Mediator has the discretion to schedule additional sessions as necessary to facilitate resolution of this dispute. All parties or individuals with settlement authority are required to attend the mediation session(s). **All parties are directed to attend all scheduled mediation session(s) with their respective counsel of record.** Corporate parties must be represented by an agent with the authority to negotiate a binding settlement." (emphasis added).
>
> FURTHER, within seven (7) days of completion of the mediation session, the Mediator will file a brief report with the ADR administrator, stating only who participated in the mediation session and whether settlement was reached.

Plaintiff and his counsel complied with this Court's directives/orders and attended the facilitative mediation. However, Defendants Dantonio, Hollis, Simon, Davis and Miller failed to appear. The only "party" listed by the Mediator in his Mediation Report (ECF No. 53) was Brian Quinn. Upon information and belief, Mr. Quinn is MSU's General Counsel. However, MSU is not a party to this case, nor is there a corporate party in this case. Further, Plaintiff's counsel's motion for leave to amend the Complaint to add MSU as a Defendant was denied by this Court.

## LEGAL ARGUMENT

### Sanctions for Failure to Appear at a
### Court Ordered Facilitative Mediation

According to the Local Rules of Practice and Procedure for the United States District Court for the Western District of Michigan, LCivR 16.2(d) states that "all mediation proceedings are considered to be compromise negotiations within the meaning of Fed. R. of Evid. 408, and therefore confidential." Because mediation is confidential, the mediator and parties can frankly discuss all of the pertinent facts in the case, explore the parties' interests, candidly examine the strengths and weaknesses of each party's case, and help generate creative solutions that would not be found in a jury verdict or an arbitrator's decision. When parties are absent from the mediation, especially parties with direct knowledge of the facts and allegations in the case, the whole process is hindered, and the mediation becomes frivolous and unproductive. That is exactly what happened here.

When a party disobeys the pretrial orders of a federal court, the Federal Rules provide: On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1).

Fed. R. Civ. P. 16(2) states that the court must order the party, its attorney, or both to pay reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust. Under this rule, "[t]he district court has discretion to impose whichever

sanction it feels appropriate under the circumstances." Clarksville-Montgomery County School System v. U.S. Gypsum Co., 925 F.2d 993, 998 (6th Cir. 1991).

Here, Plaintiff's counsel incurred significant time and expenses preparing Plaintiff's mediation summary, driving across the state and back for the mediation, attending the mediation, and drafting this motion. Plaintiff was also billed for a portion of the mediator's time incurred on this matter.

## CONCLUSION/REQUESTED RELIEF

For the above stated reasons, Plaintiff respectfully request that this Court enter an order granting Plaintiff's motion for sanctions due to Defendants' failure to appear at the mediation; which includes requiring Defendants to pay Plaintiff's portion of the Mediator's Invoice, as well as allowing Plaintiff to submit an affidavit setting his forth costs and attorney fees incurred relating thereto.

Respectfully submitted,

*/s/ Thomas R. Warnicke*
THOMAS R. WARNICKE (P47148)
*Attorney for Plaintiff*

## STATEMENT OF NON-CONCURRENCE

Plaintiff's counsel explained the nature of this motion and its legal basis to Defendants' counsel and requested concurrence, via electronic mail and telephone, but was unable to obtain concurrence in the relief sought at the time of this filing. (Note: Plaintiff is also filing a separate statement pursuant to Local Rule 7.1(d)).

## LOCAL RULE CERTIFICATION

I, Thomas R. Warnicke, certify that the concurrence requirement set forth in this document complies with Local Rule 10, including: 8 ½ x 11 inch paper, double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 12 point (for proportional fonts). I also certify that this document consists of 1950 words and is within the appropriate word count for non-dispositive motions.

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2020, a copy of the foregoing document and this proof of service was served via the CM/ECF electronic filing system to all attorneys of record. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

Respectfully submitted,

*/s/ Thomas R. Warnicke*
THOMAS R. WARNICKE (P47148)
*Attorney for Plaintiff*

# EXHIBIT 1



**SMITH HAUGHEY**
RICE & ROEGGE
ATTORNEYS AT LAW

# INVOICE
Tax ID No. 38-2234596

THOMAS R WARNICKE  
LAW OFFICES OF THOMAS R WARNICKE PLLC  
16291 W 14 MILE RD STE 21  
BEVERLY HILLS, MI  48025

August 22, 2019

Invoice #: 862543  
Client #: 104622  
Matter #: 207332

## INVOICE SUMMARY

For professional services and costs advanced through August 21, 2019:

**Mediation: Curtis E. Blackwell, II v Lou Anna K. Simon, Mark Dantonio, Mark Hollis, Chad Davis and Sam Miller**

| | |
|---|---|
| Professional Services | $ 4,192.50 |
| Total Costs Advanced | $ 99.05 |
| **TOTAL FOR INVOICE #862543** | **$ 4,291.55** |

### BREAKDOWN OF BALANCE DUE FOR THIS INVOICE

| | | |
|---|---|---|
| Balance Due from Rhoades McKee/P. McCarthy/Mediation | ( 33.33% of Total) | $ 1,430.52 |
| Balance Due from Thomas R. Warnicke, PLLC/T. Warnicke/Med | ( 33.33% of Total) | $ 1,430.52 |
| Balance Due from Kienbaum Hardy/S. Nirenberg/Mediations | ( 33.33% of Total) | $ 1,430.51 |

SMITH HAUGHEY RICE & ROEGGE

Invoice #:  862543                                                                                       August 22, 2019

## PROFESSIONAL SERVICES

| DATE | ATY | DESCRIPTION OF SERVICES | HOURS | AMOUNT |
|---|---|---|---|---|
| 5/13/19 | WWJ | Attention to new file; conflicts check; review Notice of Appointment; correspondence to counsel regarding scheduling | .75 | 292.50 |
| 5/20/19 | WWJ | Attention to correspondence from defense counsel regarding scheduling; note calendar availability | .25 | 97.50 |
| 6/06/19 | WWJ | Exchange of correspondence regarding scheduling; attention to correspondence from Mr. McCarthy; review calendar; correspondence to counsel | .50 | 195.00 |
| 6/17/19 | WWJ | Numerous exchanges of correspondence regarding scheduling; correspondence to counsel regarding 8/13/19 mediation | .50 | 195.00 |
| 8/08/19 | WWJ | Review submission of Simon, Hollis and Dantonio; review of submission of Davis and Miller; conference with plaintiff's attorney | 2.25 | 877.50 |
| 8/12/19 | WWJ | Review of plaintiff's submission and exhibits; exchange of correspondence with Mr. McCarthy | .75 | 292.50 |
| 8/13/19 | WWJ | Preparation and attendance at mediation; report to court | 5.75 | 2,242.50 |

**TOTAL PROFESSIONAL SERVICES**                                                                                    **$ 4,192.50**

## SUMMARY OF PROFESSIONAL SERVICES

| NAME | RATE | HOURS | AMOUNT | N/C HR | N/C AMT |
|---|---|---|---|---|---|
| William W Jack | 390.00 | 10.75 | 4,192.50 | .00 | .00 |
| **TOTALS** | | **10.75** | **$ 4,192.50** | **.00** | **$ .00** |

## COSTS ADVANCED

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  | Photocopies | 12.90 |
| 8/13/19 | mediation lunches | 86.15 |

**TOTAL COSTS ADVANCED**                                                                                    **$ 99.05**

**TOTAL FOR INVOICE #862543**                                                                              **$ 4,291.55**

2

# EXHIBIT 2

```
 1   Q.   Do you have any knowledge as to who was responsible for
 2        conducting staff evaluations?
 3   A.   No.
 4   Q.   Did you have any involvement in conducting any
 5        performance evaluations or any assessments as to how Mr.
 6        Blackwell was performing in his job at Michigan State
 7        University?
 8   A.   No.
 9             (Exhibit 4 marked for identification.)
10   BY MR. WARNICKE:
11   Q.   Mr. Hollis, the court reporter marked as Exhibit
12        Number 4 a document, it's dated May 14th, 2019 at the
13        top.  It says "Notice of Appointment of Facilitative
14        Mediator."  Do you see that?
15   A.   Yes.
16   Q.   And it says a mediation shall take place no later than
17        August 16th of 2019.  Did you have any knowledge that a
18        mediation of this case took place?
19   A.   Yes.
20   Q.   And how did you have that knowledge?
21   A.   I was informed by my attorneys.
22   Q.   Okay.  And then if you look down on the paragraph where
23        it starts all caps TAKE NOTICE, it's on the front page,
24        it looks like the second paragraph, the fifth line if my
25        count is correct, it reads:
```

Page 107

```
 1              All parties are directed to attend
 2         scheduled mediation sessions with -- with
 3         their respective counsel of record.
 4         Do you see that?
 5  A.   Yes.
 6  Q.   Okay.  Is there any reason why you were unable to attend
 7       the mediation on that date?
 8              MR. KIENBAUM:  He wasn't unable to attend.  He
 9       wasn't asked to attend.  If you had a problem with that,
10       you could've raised it.  What's this all about?
11              MR. WARNICKE:  I'm just asking.
12              MR. KIENBAUM:  He wasn't there.
13              MR. WARNICKE:  Well, I --
14              MR. KIENBAUM:  And I did not instruct him to be
15       there.  And if you want to take it up with the court,
16       you be -- be my guest.
17  BY MR. WARNICKE:
18  Q.   Okay.  All right.  Let me ask, was there any reason,
19       health issue or anything that prevented you from
20       attending the meeting?
21              MR. KIENBAUM:  Come on, Tom.  This is getting
22       silly.  Come on.  I did not ask him to attend.  And if
23       you had a problem with that as we were sitting there,
24       you could've raised it.
25              MR. WARNICKE:  I -- well, I did raise it.
```

Page 108

```
 1              MR. KIENBAUM:  You had parties with authority
 2     there.  You know it wasn't going to be his money, all
 3     right.  So what the hell is this all about?
 4              MR. WARNICKE:  No, I -- I -- I did raise it with
 5     the meditator that none of the defendants showed up.
 6              MR. KIENBAUM:  Well, but apparently it wasn't a
 7     serious enough issue for the mediator to say anything or
 8     anybody to go to the judge.  We went ahead and tried as
 9     best as we could and it didn't work, not because
10     Mr. Hollis wasn't there by the way.
11              MR. WARNICKE:  All right.  Let's go back to
12     Exhibit Number 1.  Let's see.  I may not have marked it
13     yet.  All right.  What number are we on?
14              THE REPORTER:  Five.
15              MR. WARNICKE:  Five.
16              (Exhibit 5 marked for identification.)
17              MR. WARNICKE:  Will, Drew, copies for everybody.
18     BY MR. WARNICKE:
19  Q. Mr. Hollis, this document is entitled Defendant Mark
20     Hollis' Responses and Objections to Plaintiff's First
21     Request for Production of Documents.  You see that?
22  A. Yes.
23  Q. Do you recall receiving a document in which you were
24     asked to produce certain documents?
25  A. Yes.
```

Page 109

# EXHIBIT 3

```
 1   Q.   Okay.  And in this case, do you have a representation
 2        agreement with Mr. Kienbaum and his office regarding
 3        your defense in this case for you individually for --
 4   A.   Yes.
 5   Q.   Did you remember signing an agreement?
 6   A.   Yes.
 7   Q.   And then -- okay.  And then the next question is did --
 8        is the defense of this case paid for you by you or is it
 9        by Michigan State University?
10   A.   By Michigan State in the indemnification policy.
11   Q.   Okay.  And --
12             MR. KIENBAUM:  Which is the reason she wasn't at
13        the facilitation.
14             MR. WARNICKE:  Okay.  That's what I was going to
15        get to also.
16   BY MR. WARNICKE:
17   Q.   There was a facilitation with a mediator that took place
18        in Grand Rapids in August of 2018.  Did you have any
19        knowledge of a facilitation or mediation on that date?
20   A.   I don't really recall.
21   Q.   Okay.  And you didn't attend that, correct?
22   A.   Correct.
23   Q.   Okay.  And I asked you earlier regarding a former
24        Michigan State football player named Auston Robertson.
25        And my question right now is going to be very limited.
```

Page 121