UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.                                                                                          Hon. Janet T. Neff

LOU ANNA K. SIMON, et al.,                    Case No. 1:18-cv-1261

    Defendants.
_____/

## ORDER REGARDING ECF NOS. 265 AND 272

This matter is before the Court on Plaintiff Blackwell's motion for sanctions (ECF No. 265), Interested Party Andrew Paterson's motion for leave to file sealed transcripts in a state court proceeding (ECF No. 272), and the MSU Defendants' request for sanctions related to Mr. Paterson's filing of ECF No. 278 (ECF No. 290).

Plaintiff Blackwell moves for sanctions because the various defendants did not attend the facilitative mediation in August 2019 in person. Instead, a representative of Michigan State University's general counsel's office attended. Michigan State University has indemnified the defendants, and its representative had authority to settle the case. Plaintiff cites the Notice of Appointment of Facilitative Mediator, which states, "All parties or individuals with settlement authority are required to attend the mediation session(s). All parties are directed to attend all scheduled mediation session(s) with their respective counsel of record. Corporate parties must be represented by an agent with the authority to negotiate a binding settlement." (ECF No. 37, PageID.337.) This language is ambiguous as to whether an indemnified party without settlement authority is required to attend. The first sentence suggests that they are not. The second sentence suggests they are.

While most mediators would require the parties to attend in person, regardless of settlement authority, there are sometimes reason to excuse a party.  Certainly, Plaintiff could have raised the issue with the Court at the time of the mediation.  And the mediator was empowered to require the attendance of any party whose presence he thought would aid negotiations.  Thus, Plaintiff's motion for sanctions nine months after the mediation is meritless and is **DENIED**.

Defendants request that Plaintiff be sanctioned for filing this motion nine months after the mediation and after this Court has recommended to the District Court that counsel be subject to sanctions, including that a portion of the case be dismissed.  Even if the motion is not frivolous, the timing is curious.  However, given the general preference for attendance of parties at all mediation sessions, as their presence generally aids the mediation process, Defendant's request for attorneys' fees and costs is **DENIED**.

As to Plaintiff's Counsel Andrew Paterson's Motion for Leave to File Unredacted Copies of Plaintiff's and Defendants Sam Miller and Chad Davis's Deposition Transcripts and for Clarification of the Court's October 31, 2019 Order (ECF No. 272),[1] Judge Carmody made the initial decision to require that those transcripts be sealed because of an agreement of the parties based on concerns about privacy rights related to a sexual assault investigation and criminal proceedings pursuant to the Holmes Youthful Trainee Act.  (*See* ECF No. 274, PageID.4227-32.)

Mr. Paterson has not addressed whether those concerns remain an issue or whether circumstances have changed such that the material need not remain under seal.  It is likely that many pages of those deposition transcripts would not be subject to those privacy concerns, but Mr. Paterson has made no effort to identify the portions that are material to his proposed state court

---

[1] Defendants argue that Mr. Paterson lacks standing to make his motion on his own behalf.  However, given the other reasons to deny the motion, the Court need not reach that issue.

complaint. Instead, he simply argues that the entire deposition transcripts should be unsealed. (PageID.3701-02.) A review of those depositions demonstrates that they do appear to contain sensitive information as noted above, and only portions relate to Mr. Paterson's suggested potential state court complaint.

Mr. Paterson also has not satisfactorily explained why it would be necessary to file the transcripts with the state court at all, rather than simply stating the facts that he alleges support the convening of a one-person grand jury, which his client could presumably provide and which would not run afoul of Judge Carmody's prior order. He suggests that there is a "stringent pleading requirement" for his complaint, but the statute and case he cites state that the complaint "may be on information and belief." Mich. Comp. Laws § 767.3; *see also In re Complaint of Robert Taylor for Judicial Investigation*, 2015 WL 6506177, at *2 (Mich. Ct. App. Oct. 27, 2015). Mr. Paterson cites *In re Colacasides*, 379 Mich. 69 (1967), for the proposition that his complaint must be "specific to the common intent of the scope of the inquiry," but the point of that phrase is merely that the statute does not "permit a grand juror to search out criminal conduct generally." *Id.* at 98-99. Nor does Mr. Paterson's motion appear to set out a basis for a non-frivolous state court complaint to convene a one-person grand jury.[2] Thus, on the record before the Court, the motion is **DENIED**.

Attorney Paterson has withdrawn ECF No. 278, his motion for leave to file unredacted copies of Defendant Dantonio's deposition transcript, but only after the MSU Defendants were

---

[2] Although the issue of probable cause is not before the Court, Mr. Paterson's motion does not demonstrate that Mr. Blackwell was in custody at the time that Defendants Miller and Davis initially questioned him. Indeed, it appears from Mr. Blackwell's deposition transcript that the police read him his *Miranda* warnings once he was taken into custody before attempting to interview him further. (ECF No. 275, PageID.4290-91.) Thus, the basis for Mr. Paterson's proposed state court complaint is also unclear from the record before the Court.

required to file their response. Attorney Paterson argues that counsel for the MSU Defendants did not tell him that federal courts have exclusive jurisdiction over alleged perjury in federal proceedings during their meet and confer process. (ECF No. 293, PageID.4509.) But determining that a motion is grounded in law is the filing attorney's responsibility.³ Moreover, the allegations regarding the alleged perjury were already public, so the motion does not appear to have any legitimate basis.

Defendants seek sanctions for Mr. Paterson's filing of ECF No. 272 and 278. The Court does not believe it is in the interests of justice to order further sanctions at this time. Accordingly, those requests are denied.

Dated: May 15, 2020                                    /s/ Sally J. Berens
                                                                                               SALLY J. BERENS
                                                                                               U.S. Magistrate Judge

---

³ This Court has previously reminded Mr. Paterson that by filing with the Court he is certifying that his claims are warranted and factual contentions have support as stated in Rule 11, and indeed, has referred him to Chief Judge Jonker for discipline based, in part, on Mr. Paterson's violation of Rule 11. This order will be added to that referral.