UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

LOU ANNA K. SIMON, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1261

HON. JANET T. NEFF

## OPINION AND ORDER

This matter is before the Court on Plaintiff's April 24, 2020 Objections and Appeals (ECF No. 262) from the Magistrate Judge's March 3, 2020 combined Report and Recommendation; Order; Referral (ECF No. 234), which addressed seven motions. On May 8, 2020, Defendants filed responses to Plaintiff's Objections and Appeals (ECF Nos. 296 & 297). For the reasons that follow, the Court denies the Objections and Appeals.

### I.  BACKGROUND

Plaintiff filed this § 1983 case in November 2018, alleging violations of his Fourth and Fifth Amendment rights arising from his arrest on February 8, 2017 (ECF No. 1). Specifically, Plaintiff alleges that Defendants Chad Davis and Sam Miller ("the Detective Defendants") arrested him without probable cause in violation of his Fourth Amendment rights (Count I), and Plaintiff alleges that Defendants Lou Anna K. Simon, Mark Dantonio and Mark Hollis ("the MSU Defendants") violated his Fifth Amendment rights by declining to renew his employment agreement in retaliation for his exercise of his right to remain silent and to decline to be questioned by the Michigan State University (MSU) Police Department or MSU's investigators (Count II). Defendants answered Plaintiff's Complaint in January 2019, the same month in which Thomas

Warnicke began representing Plaintiff. Following the issuance of a Case Management Order in April 2019, the parties subsequently engaged in discovery. Attorney Andrew A. Paterson, Jr. added his appearance on Plaintiff's behalf in September 2019.

On March 3, 2020, the Magistrate Judge issued a combined Report and Recommendation; Order; Referral (ECF No. 234), detailing the factual background and the rationale for her recommendations, Orders, and the matter of referring attorney Paterson for discipline. On April 24, 2020, Plaintiff filed these Objections and Appeals (ECF No. 262), to which Defendants filed their responses (ECF Nos. 296 & 297).

## II.  OBJECTIONS TO REPORT AND RECOMMENDATION

### A.  Standard of Review

28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges. *See also* FED. R. CIV. P. 72; W.D. Mich. LCivR 72.1. Magistrate judges generally have authority to enter orders regarding non-dispositive pre-trial motions, *see* 28 U.S.C. § 636(b)(1)(A), but they must submit report and recommendations on case-dispositive matters, *see* § 636(b)(1)(B). Courts in the Sixth Circuit generally hold that it is the sanction selected by the magistrate judge, not the sanction requested by the moving party, that dictates a magistrate judge's authority over a motion. *See Builders Insulation of Tennessee, LLC v. S. Energy Sols.*, 2020 WL 265297, at *5 (W.D. Tenn. Jan. 17, 2020) (collecting numerous cases for the proposition).

The statute further provides that within fourteen days after being served with a copy of a magistrate judge's report and recommendations on a case-dispositive matter, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b).

The court's task is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." W.D. Mich. LCivR 72.3(b). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

### B.  Analysis

In her Report and Recommendation (ECF No. 234 at PageID.2990-3021), the Magistrate Judge recommends that this Court grant the MSU Defendants' Motion to Strike and for Sanctions (ECF No. 180). The Magistrate Judge first concluded that Plaintiff's counsel's violated Rule 11 in filing false and misleading briefs. Specifically, the Magistrate Judge determined that (a) Plaintiff's Motion for Protective Order regarding 30(b)(6) Depositions and Document Subpoenas (ECF No. 173) misrepresented to the Court the nature of the discovery propounded and who propounded it (*id.* at PageID.3007-3009), and (b) Plaintiff's counsel made no reasonable factual inquiry before filing Non-Party Michelle Franklin's Motion for a Protective Order (ECF No. 188) (*id.* at PageID.3009-3010).

Second, the Magistrate Judge concluded that Plaintiff's counsel used the Court's mandatory processes for improper purposes of harassment in bad faith (ECF No. 234 at PageID.3011-3016). Specifically, the Magistrate Judge determined that Plaintiff's counsel engaged in a pattern of seeking discovery on issues about the recruitment of Auston Robertson or other MSU football players and alleged NCAA violations, issues that were unrelated to Plaintiff's claim against the MSU Defendants but might be relevant to a different claim and that certainly appeared to be of interest to the press and public (*id.* at PageID.3012-3016). The Magistrate Judge opined that the improper purposes of the inquiries appeared to be to "harangue Defendants into

3

exhausted compliance in the form of settlement" and "gather discovery for a future claim (which has now been filed) in state court" (*id.* at PageID.3011).

Having determined that Plaintiff's counsel violated Rule 11 and engaged in harassing conduct contrary to the Court's order, and that sanctions under Federal Rule of Civil Procedure 11 and the Court's inherent authority are appropriate, the Magistrate Judge recommends two sanctions. First, the Magistrate Judge recommends this Court dismiss Plaintiff's Fifth Amendment claim against the MSU Defendants with prejudice (*id.* at PageID.3017-3019). The Magistrate Judge decided not to recommend dismissal of Plaintiff's Fourth Amendment claim against the Detective Defendants because "Plaintiff has not directed the same vexatious and harassing conduct toward the Detective Defendants that he has against the MSU Defendants" and Plaintiff's conduct has not demonstrated that his claim as to the Detective Defendants was prosecuted for an improper purpose (*id.*). Second, to ensure the integrity of proceedings before the Court, the Magistrate Judge recommends that Plaintiff's counsel (attorneys Paterson and Warnicke) be removed from the case (*id.* at PageID.3019-3020). The Magistrate Judge opines that given counsel's delineated filings of false and misleading pleadings and statements in Court, failure to correct the record, and disregard of the Court's repeated admonitions, she had "no reason to believe that Attorneys Paterson and Warnicke will improve their conduct going forward" (*id.* at PageID.3020).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. As Defendants point out (ECF No. 296 at PageID.4532; ECF No. 297 at PageID.4545-4549), Plaintiff fails to object to the Magistrate Judge's recommendation that attorneys Warnicke and Paterson be removed as Plaintiff's counsel. This Court's review is therefore limited to Plaintiff's objections to the Magistrate Judge's recommendation to dismiss Plaintiff's claim against the MSU Defendants. The Court denies the objections.

As set forth in the Magistrate Judge's Report and Recommendation (ECF No. 234 at PageID.3004), in determining whether to dismiss a claim as a sanction, a court considers the following "*Regional Refuse* factors": (1) whether the party's conduct was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. The Magistrate Judge's Report and Recommendation addresses each of these factors in support of the recommendation to dismiss Plaintiff's claim against the MSU Defendants (*id.* at PageID.3017-3018).

Arguably relevant to the first *Regional Refuse* factor, whether the party's conduct was due to willfulness, bad faith, or fault, Plaintiff argues in his objections that the Magistrate Judge incorrectly assumed that Plaintiff maintained this federal lawsuit for the purpose of adducing discovery to file a potentially stronger claim in state court, an assumption that Plaintiff argues is not borne out by the complaint he filed in state court, which is substantially similar to his federal complaint (ECF No. 262 at PageID.3350-3351). Plaintiff also argues that the Magistrate Judge incorrectly assumed that Plaintiff's legal strategy is to harangue the MSU Defendants into exhausted compliance in the form of settlement (*id.* at PageID.3350-3351, 3355). Plaintiff opines that "the only 'haranguing' being done is on the part of Defendants, who endeavor to use their sheer power, money and resources to attempt to bludgeon Plaintiff into submission" (*id.* at PageID.3352). Similarly, Plaintiff opines that "it is Defendants' counsel who have deliberately and egregiously failed in their duty of candor to this Court by not informing this Court that they in fact asked Plaintiff in-depth and repeated questions at his deposition about race discrimination, NCAA violations and the recruiting/admission of Auston Robertson" (*id.* at PageID.3352-3355). Plaintiff asserts that defense counsel should not be given "carte blanche to take discovery of certain

issues on one hand, while Plaintiff gets sanctioned for the same conduct on the other hand" (*id.* at PageID.3355). Last, Plaintiff argues that his Motion to Compel the deposition of Dantonio does not even remotely rise to the level of sanctionable conduct, nor does it justify fees; rather, to the contrary, it was a "well grounded, good faith, reasonable request for relief that was based on a prior court order which allowed for a 7-hour deposition" (*id.* at PageID.3356-3357).

Plaintiff's objections minimize but do not deny the conduct that the Magistrate Judge delineated as supporting her recommendation. As the MSU Defendants point out in response (ECF No. 297 at PageID.4541-4543), Plaintiff's objections "skate over" the Magistrate Judge's findings of fact. And, as the MSU Defendants further point out (*id.* at PageID.4544), Plaintiff's claim that he could take irrelevant discovery because Defendants allegedly did so is wrong, and beside the point. In short, the record adequately establishes that there was wilfulness, bad faith, and fault on the part of Plaintiff's counsel, and Plaintiff's objections do not ameliorate such finding.

Plaintiff's objections wholly fail to address the second *Regional Refuse* factor of prejudice.

As to the third and fourth *Regional Refuse* factors, Plaintiff does not dispute that less drastic sanctions have not only been considered but imposed in this case, specifically, a $10,000 sanction in October 2019; however, Plaintiff argues that "[t]hereafter, there has not been a single Order entered by the Court that ordered Plaintiff to pay any monetary or other sanction upon Plaintiff to any of the Defendants" (ECF No. 262 at PageID.3360-3361). Plaintiff describes the Magistrate Judge's recommended dismissal sanction as a "colossal and drastic jump" (*id.* at PageID.3362).

Plaintiff's objection is disingenuous. As the Magistrate Judge pointed out in her Report and Recommendation (ECF No. 234 at PageID.3018), she specifically warned Plaintiff's counsel on the record at the December motions hearing not to inject salacious and irrelevant material into briefs, instructing counsel that "if monetary sanctions don't get your attention, the next step will be an order to show cause why you shouldn't be removed as an attorney in this case or why the

6

case shouldn't be dismissed" (12/10/19 Mot. Hrg. Tr., ECF No. 155 at PageID.1708-1714). Plaintiff was indisputably on notice that continued misconduct could lead to dismissal.

Last, to the extent Plaintiff additionally argues that the sanction of dismissal is unwarranted where "Plaintiff is an innocent client who did not draft, review, approve or even read the filings which are at issue" (ECF No. 262 at PageID.3358-3362), Plaintiff's argument does not compel a different result. The Magistrate Judge properly indicated that the Supreme Court has rejected that notion, holding that there "is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client" (ECF No. 234 at PageID.3019, quoting *Bradley J. Delp Revocable Trust*, 665 F. App'x 514, 521 (6th Cir. 2016) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962)).

In this regard, the Magistrate Judge reasoned that dismissal would not work the injustice to the client that courts generally weigh heavily in declining to dismiss a case with prejudice because Plaintiff's claim against the MSU Defendants in this Court "appears to be prosecuted primarily for the purpose of gaining discovery to use in the other forum" and Plaintiff has since filed a state-court complaint (ECF No. 234 at PageID.3019). The Magistrate Judge opined that "[b]ecause Plaintiff has filed a separate cause of action that is more consistent with his counsel's theory of the case, the claim in this case is duplicative of that claim" (*id.*).

Plaintiff argues that "the state and federal court case are not duplicative—they allege separate and distinct causes of action" (ECF No. 262 at PageID.3359-3360). However, Plaintiff's argument again misses the point. The Magistrate Judge did not hold that there was no injustice because the federal and state court complaints were duplicative, but because the theory of the case that Plaintiff advanced in federal discovery (that his contract was not renewed for reasons other than the Fifth Amendment) and the theory underlying his state-law claims were duplicative.

7

In sum, Plaintiff's objections do not serve to identify any error in the Magistrate Judge's analysis or her ultimate conclusion that the four *Regional Refuse* factors, on balance, warrant the recommended sanctions. Consequently, the Court will deny the objections and approve and adopt the Report and Recommendation as the Opinion of the Court.

### III.     APPEALS TO DISTRICT COURT

#### A.     Standard of Review

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." FED. R. CIV. P. 72(a) (Nondispositive Matters). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id. See also* W.D. Mich. LCivR 72.3(a) (Appeal of nondispositive matters).

This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). And "[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

**B.    Analysis**

1.    Order on Fees & Costs

As a threshold matter under her authority under 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge ordered monetary sanctions for fees and costs as a sanction pursuant to 28 U.S.C. § 1927 for Plaintiff's counsel's misconduct for the reasons discussed in the Report and Recommendation (ECF No. 234 at PageID.3021).  28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Plaintiff's appeal supplies no basis for reversing the Magistrate Judge's Order under § 1927.  Indeed, Plaintiff never mentions § 1927 in his appeal.

2.    Orders on Individual Discovery Motions

The Magistrate Judge also resolved six discovery motions under her authority under 28 U.S.C. § 636(b)(1)(A), noting that some of the motions would be rendered moot if this Court adopted the recommendation regarding dismissal as a sanction (ECF No. 234 at PageID.3021-3026).  Plaintiff does not challenge the Magistrate Judge's substantive rulings on the discovery motions, only the shifting of costs and fees pursuant to those specific orders (ECF No. 262 at PageID.3349-3350).  Given that the unchallenged § 1927 order covers the misconduct identified in the rulings on the specific motions, the Court agrees with Defendants' observation that Plaintiff's arguments that fees cannot be awarded as to those motions under Rule 37 is now mostly academic.  In any event, the Court has briefly considered Plaintiff's appeals from the Magistrate Judge's orders, as follows.

      a.     *Plaintiff's Motion to Compel Defendant Dantonio's Deposition (ECF No. 165) and the MSU Defendants' Motion for a Protective Order (ECF No. 167)*

The Magistrate Judge denied Plaintiff's motion to compel and granted the MSU Defendants' motion for a protective order (ECF No. 234 at PageID.3023). As this Court has adopted the Magistrate Judge's recommendation that the claim against the MSU Defendants be dismissed, both motions are moot. Moreover, the Magistrate Judge expressly indicated that she did not order additional sanctions under Rule 37 as a result of these motions (*id.*). In short, Plaintiff's appeal from these orders is properly denied.

      b.     *Plaintiff's Motion for Protective Order regarding 30(b)(6) Depositions and Document Subpoenas (ECF No. 173)*

As noted above, the Magistrate Judge found that in his motion for a protective order, Plaintiff had misrepresented to the Court the nature of the discovery propounded and who propounded it (ECF No. 234 at PageID.3007). The Magistrate Judge denied Plaintiff's motion, indicating that "the subpoenas directed to the Sound Mind Sound Body entities were for a proper purpose, namely discovery regarding Plaintiff's claimed damages, and because Plaintiff Blackwell's motion is unfounded even in its premise" (*id.* at PageID.3024). The Magistrate Judge held that Defendants were entitled to fees and costs under Rule 37(a)(5) for responding to Plaintiff's motion (*id.*).

Again, Plaintiff does not appeal the denial of his motion for a protective order, only the award of attorneys' fees and costs pertaining to same (ECF No. 262 at PageID.3349, 3366). In this regard, Plaintiff argues that he was "substantially justified" in seeking and filing the motion because he had already testified for nearly 6½ hours about the Sound Mind Sound Body organizations and the 30(b)(6) subpoenas were a way for the Detective Defendants to circumvent the federal court rules governing depositions and to further harass Plaintiff (*id.* at PageID.3366-3367). Plaintiff also argues that the award of expenses is unjust under Rule 37(a)(5)(B) where

Defendants received financial documents in 2019 pertaining to the Sound Mind Sound Body organizations in response to the third-party subpoenas they served upon Sound Mind Sound Body's financial institutions (*id.* at PageID.3368).

Plaintiff's appeal is properly denied.

Federal Rule of Civil Procedure 26(c)(3), which governs protective orders, indicates that Rule 37(a)(5) applies to the award of expenses. Rule 37(a)(5)(C) (Payment of Expenses), in turn, provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The Detective Defendants reiterate that Plaintiff misrepresented that the discovery was issued by the MSU Defendants and not, as was actually the case, the Detective Defendants (ECF No. 296 at PageID.4521-4522). The Detective Defendants also point out that Plaintiff likewise misrepresented that the depositions were of Plaintiff and not, as was actually the case, corporate designee depositions under Rule 30(b)(6) (*id.* at PageID.4522). The Detective Defendants assert that Plaintiff "falsely bootstrapped that discovery as emanating from the MSU Defendants in order to take aim at Defendant Dantonio . . . by suggesting that Defendant Dantonio lied at his deposition and was covering up for supposed NCAA violations" (*id.*).

The MSU Defendants likewise argue that it is hard to see how Plaintiff can argue that he was "substantially justified" in filing the motion to prevent the MSU Defendants from deposing Blackwell individually, when: (1) the MSU Defendants had not issued any subpoenas; (2) the subpoenas that were issued were not issued to Plaintiff; and (3) Plaintiff's counsel lied to the Court about those facts (ECF No. 297 at PageID.4555-4556).

For the reasons more fully stated by Defendants, Plaintiff's appeal supplies no reason for concluding that the Magistrate Judge's award of costs and fees is either clearly erroneous or contrary to law.

    c.    *The Detective Defendants' Motion for Sanctions (ECF No. 211)*

For the reasons stated in her Report and Recommendation, the Magistrate Judge denied in part and granted in part the Detective Defendants' motion for sanctions (ECF No. 234 at PageID.3024). Specifically, the Magistrate Judge does not recommend dismissal of Plaintiff's claim against the Detective Defendants and instead recommends removal of counsel and monetary sanctions (*id.*).

Plaintiff indicates that he "does appeal the Detective Defendants' Motion for Sanctions as it relates to the removal of counsel and monetary sanctions" (ECF No. 262 at PageID.3349). However, as the Detective Defendants point out (ECF No. 296 at PageID.4530-4531), Plaintiff did not address the removal sanction and has not identified any basis by which the Court's decision to also grant monetary sanctions is either clearly erroneous or contrary to law. This appeal is therefore properly denied.

    d.    *Non-Party Michelle Franklin's Motion for a Protective Order (ECF No. 188)*

The Magistrate Judge also denied this motion for a protective order, which was filed by Plaintiff's counsel. The Magistrate Judge declined, at this juncture, to limit the deposition in duration but noted her expectation that counsel for the Detective Defendants will not unduly prolong the questioning of Non-Party Michelle Franklin (ECF No. 234 at PageID.3026). Citing Federal Rule of Civil Procedure 37(a)(5) and 26(c)(3), the Magistrate Judge awarded Defendants their attorney's fees and costs incurred in responding (*id.*).

Plaintiff does not appeal the Magistrate Judge's denial of the motion "as it relates to the deposition but does appeal the portion pertaining to the award of costs and fees" (ECF No. 262 at

PageID.3349-3350). Plaintiff argues the Magistrate Judge's award of costs and fees is "clearly erroneous" and "contrary to law" because the Court cannot sanction discovery motions under Rule 11 (*id.* at PageID.3368-3369). Plaintiff also argues that while the Magistrate Judge implies that there may be a client conflict for counsel to resolve, it "was not and is not Attorney Paterson's responsibility to resolve differing clients' views on the facts" (*id.* at PageID.3370-3371).

Plaintiff's argument supplies no reason for concluding that the Magistrate Judge's award of costs and fees is either clearly erroneous or contrary to law. As Defendants point out in response (ECF No. 296 at PageID.4529; ECF No. 297 at PageID.4559), the Magistrate Judge did not award fees and costs for this motion under Rule 11. Plaintiff's appeal is therefore properly denied.

> e.  *The MSU Defendants' Emergency Motion to Be Permitted to Submit Evidence (ECF No. 229)*

Last, the Magistrate Judge granted the MSU Defendants' motion to submit evidence related to Plaintiff's filing of an action in state court, finding that the documents submitted are relevant to the other issues discussed (ECF No. 234 at PageID.3026). Plaintiff does not appeal this order.

## IV. REFERRAL FOR DISCIPLINE

At the conclusion of her combined document, the Magistrate Judge ordered that Attorney Paterson be referred to Chief Judge Jonker for determination of whether Paterson should be disciplined pursuant to Local General Rule 2.3(d) (ECF No. 234 at PageID.3026-3029).

Pointing out that he has never been referred for discipline in the Eastern District of Michigan or before the Sixth Circuit Court of Appeals, attorney Paterson argues that the Magistrate Judge's referral to the Chief Judge for possible discipline is "clearly erroneous" and "contrary to law" (ECF No. 262 at PageID.3372).

This district's Local General Rule 2.3(d) provides that "[i]f it appears to a Judge of this court that an attorney practicing before the court has violated the rules of professional conduct or

13

is guilty of other conduct unbecoming an officer of the court, any judge may: 1) refer the matter to the Chief Judge of the district who shall determine whether the attorney should be disciplined or alternatively refer the matter to a three-judge panel . . . ." W.D. Mich. LGenR 2.3(d).

While Paterson seeks to "appeal" the Magistrate Judge's referral to this Court, he supplies no basis for filing such an appeal. As set forth in the Local Rule, a referral is merely the first step of a procedural process that "any judge," not just "any district court judge," is allowed to initiate. This "appeal" is therefore denied.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections and Appeals (ECF No. 262) from the Magistrate Judge's March 3, 2020 combined Report and Recommendation; Order; Referral (ECF No. 234) are DENIED, and the Report and Recommendation is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED**, for the reasons stated in the Report and Recommendation, that Defendants' Motion to Strike and for Sanctions (ECF No. 180) is GRANTED.

**IT IS FURTHER ORDERED**, for the reasons stated in the Report and Recommendation, that Plaintiff's Fifth Amendment claim in Count II against Defendants Lou Anna K. Simon, Mark Dantonio and Mark Hollis is DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED**, for the reasons stated in the Report and Recommendation, that attorneys Thomas Warnicke and Andrew A. Paterson, Jr. are REMOVED as counsel for Plaintiff in this case, and Plaintiff shall, not later than June 5, 2020, procure new counsel and an appearance of such shall be filed, or the Court will presume that Plaintiff is proceeding pro se.

Dated: May 20, 2020 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge