UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

LOU ANNA K. SIMON, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1261

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Attorneys Warnicke and Paterson's June 23, 2020 appeal (ECF No. 331) from the Magistrate Judge's June 9, 2020 Memorandum and Opinion and Order, which imposed attorneys' fees and costs as monetary sanctions against them (ECF No. 326). On June 25, 2020, Defendants Lou Anna K. Simon, Mark Dantonio and Mark Hollis ("the MSU Defendants") filed a response in opposition to the appeal (ECF No. 332). On July 7, 2020, Defendants Chad Davis and Sam Miller ("the Detective Defendants") filed a response in opposition to the appeal (ECF No. 333). On July 14, 2020, the MSU Defendants filed a Motion to Hold Warnicke and Paterson in Contempt of Court and to Enforce the Attorney Fee Sanctions (ECF No. 335), which Warnicke and Paterson oppose (ECF Nos. 344 & 346). For the reasons that follow, the Court denies the appeal and denies the MSU Defendants' motion without prejudice to re-filing, if necessary.

    **I.**    **BACKGROUND**

Plaintiff filed this § 1983 case in November 2018, alleging violations of his Fourth and Fifth Amendment rights arising from his arrest on February 8, 2017 (ECF No. 1). Specifically, Plaintiff alleges that the Detective Defendants arrested him without probable cause in violation of

his Fourth Amendment rights (Count I), and Plaintiff alleges that the MSU Defendants violated his Fifth Amendment rights by declining to renew his employment agreement in retaliation for his exercise of his right to remain silent and to decline to be questioned by the Michigan State University (MSU) Police Department or MSU's investigators (Count II). Defendants answered Plaintiff's Complaint in January 2019, the same month in which Thomas Warnicke began representing Plaintiff. Following the issuance of a Case Management Order in April 2019, the parties subsequently engaged in discovery. Attorney Andrew A. Paterson, Jr. added his appearance on Plaintiff's behalf in September 2019.

On March 3, 2020, the Magistrate Judge issued a combined Report and Recommendation; Order; Referral (ECF No. 234), detailing the factual background and the rationale for her recommendations, Orders, and the matter of referring attorney Paterson for discipline. In pertinent part, under her authority under 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge ordered monetary sanctions for fees and costs as a sanction pursuant to 28 U.S.C. § 1927 for Plaintiff's counsel's misconduct for the reasons discussed in the Report and Recommendation (ECF No. 234 at PageID.3021). 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This Court subsequently denied Plaintiff's Objections and Appeals (ECF No. 262) and adopted the Report and Recommendation (Op. & Order, ECF No. 314).

The Magistrate Judge had ordered the MSU Defendants to submit an affidavit in support of their request for $25,000 in fees and costs as a sanction for Plaintiff's counsel's misconduct (ECF No. 234 at PageID.3021). Rather than filing only an affidavit supporting their previous request, the MSU Defendants prepared and filed a lengthy petition requesting a much larger fee

2

award—in excess of $214,000 (ECF No. 245 at PageID.3086).

On June 9, 2020, the Magistrate Judge issued a Memorandum Opinion and Order (ECF No. 326).  The Magistrate Judge declined to revisit the issue of whether sanctions should be ordered in the first place (*id.* at PageID.4836).  As to the amount of the MSU Defendants' fee request, the Magistrate Judge decided that given the dismissal of Plaintiff's claims against the MSU Defendants and removal of counsel, a higher monetary sanction was not "in the interests of justice or necessary for future deterrence" (*id.*).  Rather, the Magistrate Judge concluded that when coupled with the non-monetary sanctions awarded, the MSU Defendants' original request for an award of $25,000 was an appropriate sanction (*id.* at PageID.4837).

The Magistrate Judge determined that an award of $17,010 to the Detective Defendants was appropriate for their expenses, including attorneys' fees, pursuant to FED. R. CIV. P. 37(a)(5) and 26(c)(3), to respond to the two motions:  Plaintiff's motion for a protective order regarding the Rule 30(b)(6) depositions and document subpoenas directed to the Sound Mind Sound Body entities, and Non-Party Michelle Franklin's Motion for a Protective Order (*id.* at PageID.4838). The Magistrate Judge also reviewed counsel's affidavit with regard to the Detective Defendants' request for $20,186, plus additional fees, as monetary sanctions related to Plaintiff's counsel's misconduct (*id.* at PageID.4839).  "Noting that the Court had already imposed a sanction in the removal of counsel as well as the monetary sanctions, the Magistrate Judge decided that Plaintiff's counsel should instead pay $10,000, for a total of $27,010 to the Detective Defendants (*id.*).  The Magistrate Judge ordered attorneys Paterson and Warnicke to remit payment within 30 days (*id.*).

This appeal and motion followed.

## II.     ANALYSIS

### A.     Appeal from Magistrate Judge's Order

1.     Standard of Review

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." FED. R. CIV. P. 72(a) (Nondispositive Matters). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id.*  *See also* W.D. Mich. LCivR 72.3(a) ("Appeal of nondispositive matters").

This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). And "[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

2.     Discussion

In their appeal, attorneys Warnicke and Paterson make essentially four arguments, arguments that fail to demonstrate that reversal of the Magistrate Judge's decision is warranted.

First, Warnicke and Paterson argue that the MSU Defendants did not follow the Magistrate Judge's March 30, 2020 Order to "support and limit their request for $25,000 in fees and costs" (ECF No. 331 at PageID.4850). Their argument is misplaced. The Magistrate Judge did not order

4

the MSU Defendants to "limit their request to $25,000" but to "limit their requests to fees and costs resulting from the conduct found to have required sanctions" (ECF No. 234 at PageID.3021).

Second, Warnicke and Paterson argue that the Magistrate Judge's award of monetary sanctions to the MSU Defendants "on top of a dismissal is excessive and contrary to the majority of cases…" (ECF No. 331 at PageID.4851). However, Warnick and Paterson do not identify any caselaw in support of their argument. Further, as the MSU Defendants point out in response, "[t]he sanction of dismissal was imposed against Plaintiff, whereas the monetary sanction was imposed against counsel" (ECF No. 332 at PageID.4859).

Third, Warnicke and Paterson assert that they are "unduly prejudiced by [the MSU] Defendants' failure to comply with this Court's order because it is impossible for Plaintiff's counsel to challenge Defendants' submissions for duplication of work, frivolous claims and padding" (ECF No. 331 at PageID.4852, 4853-4854). However, Warnicke and Paterson simply request that the award be reduced to "a lesser amount," without identifying why the award of $25,000 was not supported by the MSU Defendants' submission.

Fourth, Warnicke and Paterson argue that the monetary sanction award to the Detective Defendants "on top of removing Plaintiff's counsel from the case is excessive and not in the interests of justice or necessary for future deterrence" (ECF No. 331 at PageID.4853). Warnicke and Paterson again fail to cite any authority in support of their argument. Further, as the Detective Defendants point out in response, their argument merely constitutes another challenge to the sanction decision itself, as Warnicke and Paterson "take no issue as to the amount of the sanction" awarded to the Detective Defendants (ECF No. 333 at PageID.4864).

In sum, Warnicke and Paterson's arguments do not demonstrate that the Magistrate Judge's June 9, 2020 decision is either clearly erroneous or contrary to law. The appeal is therefore properly denied.

### B.   Motion for Contempt/Enforcement

In their July 14, 2020 motion, the MSU Defendants opine that Warnicke and Paterson filed only a "perfunctory appeal" of the Magistrate Judge's Order and did not move to stay the Order (ECF No. 335 at PageID.4872).  The MSU Defendants request that this Court therefore

> (1) hold former attorneys Warnicke and Paterson in contempt of Court for failing to timely comply with its Order requiring payment of $25,000 to the MSU Defendants within 30 days of June 9, 2020 (that is, by July 9, 2020);
>
> (2) … issue coercive contempt sanctions against Warnicke and Paterson to compel compliance with the Court's order, including a $250 daily fine and suspension of both Warnicke and Paterson's right to practice in the Western District of Michigan until the Court's order is complied with;
>
> (3) … issue all appropriate writs to allow the MSU Defendants to collect the $25,000 sanction, including a writ of execution and a writ of garnishment, as appropriate; and
>
> (4) … award the fees and costs incurred by the MSU Defendants in connection with this motion and that will be incurred in collecting the sanction.

(*id.* at PageID.4870).  The MSU Defendants also request the Court "issue appropriate writs to allow Defendant Dantonio to recover a separate sanction of $2,000 against Paterson," ordered by the Magistrate Judge, which they contend has likewise not been paid (*id.* at PageID.4870).

The latter Order referenced by the MSU Defendants is a June 10, 2020 Order of the Magistrate Judge denying Plaintiff's "Motion for Sanctions Against Defendant Dantonio for Providing False Testimony During His Deposition" (Motion, ECF No. 308; Order, ECF No. 327). The Magistrate Judge not only denied the motion but ordered Attorney Patterson "to pay $2,000 to Defendant Dantonio as a sanction," finding that his motion was "yet another example of Attorney Paterson's efforts to mislead the Court in his filings and to unreasonably and vexatiously multiply the proceedings" (ECF No. 327 at PageID.4842).  As the MSU Defendants concede (ECF No. 335 at PageID.4874), no specific payment deadline was imposed in the June 10, 2020 Order.

Given the rulings herein, the Court declines at this time to issue the additional sanctions requested by the MSU Defendants, but the Court will deny the motion without prejudice to the MSU Defendants renewing their requests at a later date. The Court will revisit the issues, if necessary.

Accordingly:

**IT IS HEREBY ORDERED** that Attorneys Warnicke and Paterson's appeal (ECF No. 331) from the Magistrate Judge's June 9, 2020 Memorandum Opinion and Order (ECF No. 326) is DENIED.

**IT IS FURTHER ORDERED** that Andrew Paterson and Thomas Warnicke SHALL, <u>not later than August 12, 2020</u>, remit payment of $25,000 to the MSU Defendants and $27,010 to the Detective Defendants.

**IT IS FURTHER ORDERED** that Andrew Paterson SHALL, <u>not later than August 12, 2020</u>, remit to Defendant Mark Dantonio whatever portion of the $2,000 payment set forth in the June 10, 2020 Order (ECF No. 327) remains outstanding.

**IT IS FURTHER ORDERED** that the MSU Defendants' Motion to Hold Warnicke and Paterson in Contempt of Court and to Enforce the Attorney Fee Sanctions (ECF No. 335) is DENIED WITHOUT PREJUDICE.

Dated: July 29, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge