UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

     Plaintiff,

                                   Case No. 1:18-cv-1261

v.

                                   HON. JANET T. NEFF

LOU ANNA K. SIMON, et al.,

     Defendants.

_____/


## OPINION AND ORDER

On June 9, 2020, the Magistrate Judge ordered Attorneys Andrew Paterson and Thomas Warnicke (collectively "the Attorneys") to pay $52,010 in sanctions to Defendants (ECF No. 326). After missing two payment deadlines, this Court held the Attorneys in civil contempt on October 30, 2020 (ECF No. 384). The contempt order stated that the Attorneys were jointly and severally liable for the total amount; required Attorney Warnicke to pay $7,500 per month until the full amount was collected; and imposed a $100 per day fine if Attorney Warnicke failed to make a timely payment (*id.* at PageID.6453). A year and a half later, the Attorneys still have not made any payments and remain in civil contempt.[1]

Pending before the Court is Defendants' Joint Motion for Entry of Judgment Against Attorneys Warnicke and Paterson and Entry of Order Suspending Them From Practice in This

---

[1] The Attorneys appealed the contempt order on the ground that they could not afford to pay. The Sixth Circuit affirmed. *Blackwell v. Simon*, No. 20-2171, 2021 WL 5822700, at *1 (6th Cir. Dec. 8, 2021). During the appeal, the Attorneys never moved to stay the contempt order and the daily fines continued to accrue. *See Wright & Miller*, 16A Fed. Prac. & Proc. Juris. § 3954 (4th ed.) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal.").

Court (ECF No. 390). The Attorneys have responded (ECF Nos. 395 & 397), Defendants replied (ECF No. 405), and the Attorneys filed supplemental briefs (ECF Nos. 407 & 408).  For the reasons stated below, Defendants' Joint Motion is granted.

## I.     LEGAL STANDARD

"Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)).  "The power to shape the appropriate remedy for a finding of contempt lies squarely within the discretion of the district court."  *Paterek v. Vill. of Armada, Michigan*, 801 F.3d 630, 644-45 (6th Cir. 2015). "Contempt is a measure of last resort, not first resort."  *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 799-800 (6th Cir. 2017) (citing *Young v. United States*, 481 U.S. 787, 801 (1987)).

## II.     DISCUSSION

There are two issues presented in Defendants' Joint Motion.  First, whether the Court can convert the $52,010 in sanctions and the total amount of fines incurred to date into a money judgment to enable Defendants to begin the collection process.  Second, whether the Court should suspend the Attorneys from practicing in this Court until they have purged themselves of contempt.

First, the Court finds that it has the authority to convert the sanctions award and the already accrued fines into a money judgment.  *See F.T.C. v. Leshin*, 719 F.3d 1227 (11th Cir. 2013) (finding that because the court could have granted a money judgment as a remedy for the civil contempt, the district court could later convert the outstanding amount to a money judgment).

The Attorneys arguments to the contrary are not persuasive.  Attorney Paterson argues that the Court has already rejected a similar request made by Defendants (ECF No. 407 at

PageID.6570).  But Attorney Paterson's argument misconstrues the Court's prior ruling.  In the October 30, 2020, Opinion and Order, the Court refused to authorize Defendants to immediately execute on the award pursuant to Federal Rules of Civil Procedure 64, 69(a), and 71 because Defendants failed to fully develop their argument (ECF No. 384 at PageID.6451-6452).  The Court specifically noted that the motion was denied without prejudice "to renew[] at a later date, if necessary" (*id.* at PageID.6454).  The Court is now satisfied that Defendants have developed their argument and that the Court may convert a sanction award to a money judgment.  *See Agudas Chasidei Chabad of United States v. Russian Fed'n*, 128 F. Supp. 3d 242, 245 (D.D.C. 2015) (entering an interim money judgment).

Attorney Paterson also raises his inability to comply with the Court's orders because of his inability to pay.  As this Court has previously stated, the burden is on the Attorneys to prove an inability to comply and it must be proven "'categorically and in detail.'" (ECF No. 384 at PageID.6450 quoting *Gary's Elec.,* 340 F.3d at 379).  In the October 30, 2020, Opinion and Order, the Court found that the Attorneys had not "remotely satisfied this onus of proof, even though the evidence lies solely in their hands and has been repeatedly requested by Defendants" (*id.*).  On appeal, the Sixth Circuit reiterated that "[a]t no point did either attorney provide any actual evidence of his financial status."  *Simon*, 2021 WL 5822700, at *2 (6th Cir. Dec. 8, 2021).  The Sixth Circuit explained that "perfunctory proclamations of inability" do not satisfy the burden and the Attorneys "had to 'com[e] forward with evidence.'"  *Id.* (quoting *Gary's Elec.*, 340 F.3d at 379).  Despite these clear statements, Attorney Paterson makes the same argument again—he alleges that he cannot comply with the contempt order but does not produce any evidence.  Attorney Paterson asks the Court to order a creditor's examination, which, according to him, "will

3

clearly prove that [he] lacks the ability pay." (ECF No. 407 at PageID.6570.)  The evidence is in Attorney Paterson's control.  The Court is not responsible for producing the evidence.

Attorney Warnicke appears to concede that a money judgment is appropriate but contends that the Court must enter two money judgments because the sanctions award was bifurcated between two sets of Defendants (ECF No. 408 at PageID.6574).  He also argues that he never appealed the "Original Order" in which the sanctions were imposed.  He asks the Court to "exercise its discretion and allow [A]ttorney Warnicke leave to appeal (or permission/certification) to file an appeal to the Original Order of this Court and hold in abeyance or stay entry of a Judgment pending his right to appeal" (ECF No. 408 at PageID.6573).  Attorney Warnicke cites no legal authority and does not develop this argument.

The second issue is whether the Court should suspend the Attorneys from practicing in this Court until they purge the contempt.  As previously noted, this Court has the authority to suspend the Attorneys as a sanction for contempt of court (ECF No. 384 at PageID.6451 citing W.D. Mich. LGenR 2.3(e)).  The Court recognizes that suspending an attorney is a severe punishment.  Given the drastic professional repercussions for such a suspension, the Court is reluctant to do so.  The Attorneys, however, continue to disobey multiple orders from this Court.  The Court first attempted to coerce the Attorneys compliance through monetary sanctions.  Daily fines of $100 have shown to be ineffective.  Increasing the fine will likely have no impact.  At this point, the Court finds that suspending the attorneys from practicing before this Court is the appropriate sanction until the Attorneys purge the contempt. The Court reminds the Attorneys that they have the ability to end their suspension.  They have "the keys of [this] prison in [their] own pocket[s].  *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 828 (1994) (internal quotations and citations omitted).  As soon as the Attorneys purge the contempt, the suspension will be lifted.

### III.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Entry of Judgment (ECF No. 390) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall file a proposed money judgment for this Court's review on or before **June 9, 2022**.  The money judgment shall identify the total amount of money owed to the MSU Defendants and the Detective Defendants pursuant to the June 9, 2020, Memorandum Opinion and Order (ECF No. 326).  The money judgment shall also separately list the total amount of fines accrued.

**IT IS FURTHER ORDERED** that the Court finds that the continued daily fines are futile; therefore, the $100 per day fines shall stop accruing effective immediately.

**IT IS FURTHER ORDERED** that Attorney Andrew Paterson and Attorney Thomas Warnicke are suspended from practicing in the District Court for the Western District of Michigan effective immediately.  The Attorneys may purge the contempt by satisfying the entire money judgment.  When the contempt order is purged, the Attorneys shall notify the Clerk of Court and the suspension shall be lifted.

**IT IS FURTHER ORDERED** that within 14 days this Order, the Attorneys shall send a copy of this Opinion and Order and a copy of the October 30, 2020, Opinion and Order (ECF No. 384) to:

1.  The Michigan Attorney Grievance Commission;

2.  The licensing authority of any other state in which either Attorney Paterson or Attorney Warnicke is licensed to practice law, and

3.  The clerk of every other federal court in which either Attorney Paterson or Attorney Warnicke is admitted to practice.

**IT IS FURTHER ORDERED** that the Clerk's Office shall ensure that a copy of this order is sent to Attorneys Paterson and Warnicke.

Dated:  May 26, 2022                              /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge